JACOB STERNBURG *vs.* HENRY BOWMAN & another.

Promissory notes given by a debtor to his creditor for twice the amount really due, for the purpose of enabling that creditor to obtain a larger dividend under a composition deed between the debtor and all his creditors, are void as between the parties to them.

GRAY, J. This case is too clear for argument. The jury have found that the notes sued on were made to the plaintiff to enable him to represent himself to other creditors of the defendants as having nearly twice as large a claim against the defendants as he really had, and thus obtain a proportionably larger dividend on his debt than the other creditors under the composition deed signed by all of them. The plaintiff, in taking the notes for this purpose, practised a fraud upon the other creditors. The consideration of the notes was therefore illegal, and the notes were wholly void as between the parties. *Case* v. *Gerrish*, 15 Pick. 49. *Ramsdell* v. *Edgarton*, 8 Met. 227. *Lothrop* v. *King*, 8 Cush. 382. *Partridge* v. *Messer*, 14 Gray, 180. The case differs from that of a conveyance or agreement to convey in fraud of creditors, which is good as between the parties; or in which one of the partners in a business carried on in fraud

of creditors has received profits from the business, as in *Harvey v. Varney*, 98 Mass. 118.          *Exceptions overruled.*

*B. J. Gerrish*, for the plaintiff.

*J. F. Clark*, for the defendants, was not called upon.