CHARLES C. HARVEY *vs.* IRA HUNT.

Essex. Nov. 3, 1875. — Jan. 4, 1876. COLT & MORTON, JJ., absent.

In an action by the payee against the maker upon a promissory note, there was evidence that, before the making of the note, the plaintiff agreed to take thirty-five per cent. of his debt and sign a composition deed, and that he afterwards deposited his claim with an attorney, to whom the defendant, induced by fear of an attachment of his property, paid a part of the whole claim in cash, and the rest by the note in suit; that the plaintiff afterwards signed a composition deed, by which the creditors agreed to take thirty-five per cent. of their claims, which was signed by " substantially all " the creditors, and was to be void unless the compromise was paid within seven days after the date of the deed. The plaintiff's signature to the deed was affixed after the expiration of the seven days, and his signature preceded those of a majority of the creditors who signed. The presiding judge instructed the jury that if, after the plaintiff agreed to sign with other creditors of the defendant the deed of composition, the plaintiff's attorney, by threats of an attachment, collected of the defendant in cash a sum equal to or larger than the sum agreed in the deed to be taken in discharge, and obtained the note declared on and delivered it to the plaintiff, who in consideration that he had thus received the full amount of his debt, affixed his signature to the deed, the jury would be warranted in finding that the note was without consideration; that if there was no relation between the plaintiff's signing the deed and the giving the note, and if this was an independent contract for the payment of the defendant's debt to the plaintiff, irrespective of any promise to sign the same and of the act of signing, the note was for a good consideration. *Held,* that the evidence justified the jury in finding that the note was signed upon the understanding that the deed should be signed. *Held,* also, that the instruction was correct. *Held,* also, that the validity of the consideration was to be tested by the object with which the contract was entered into, and not by the number of persons actually deceived by the plaintiff's signature.

CONTRACT upon a promissory note, dated Haverhill, May 20, 1873, payable sixty days after date, to the order of the plaintiff,

and signed by the defendant. The answer alleged that the note was without consideration and fraudulent, and that the plaintiff was one of many creditors who signed a deed of composition, by which they agreed to accept thirty-five per cent. of their claims in full satisfaction thereof. By a copy of the deed annexed, it appeared that it was signed by forty-two creditors, and that the plaintiff's signature was the ninth in the list of signatures. The deed was dated May 7, 1873, and provided that it should be void unless the compromise was paid within seven days from that date.

At the trial in the Superior Court, before *Brigham*, C. J., the defendant admitted that he signed the note declared on, and the plaintiff read the note to the jury and rested his case.

The defendant thereupon offered evidence tending to prove that, in April or May, 1873, he became insolvent, having during three years previously been engaged in the business of a grocer, in Haverhill, and that he proposed to his creditors, among whom was the plaintiff, to accept thirty-five per cent. of his indebtedness to them in full payment thereof ; that the plaintiff with the other creditors of the defendant accepted this proposition, and the plaintiff signed the said composition deed to this effect, but that the plaintiff's signature was not affixed to the deed until after May 14, 1873, although before that time he orally agreed to sign the same if the other creditors did so ; that before the plaintiff signed the deed, and after his oral promise to sign it, the plaintiff left his claim against the defendant with H. N. Merrill, an attorney at law in Haverhill, for collection ; that the defendant told the attorney that the plaintiff had agreed to receive thirty-five per cent. of the amount of the claim thus left, in payment thereof, but that, induced by fear that his grocery store would be shut up by a process of attachment in a suit upon said claim, he paid it in full, paying to Mr. Merrill one half of it in cash, and the residue in the note declared on, and afterwards obtained the plaintiff's unconditional signature to the deed in the place where the plaintiff's signature appeared therein, and that the defendant paid thirty-five per cent. only of his indebtedness to all his other creditors, they having become parties to the composition deed, although six of them signed the same after May 14, 1873.

The plaintiff in rebuttal introduced evidence tending to prove that, at the time of the defendant's insolvency, he owed the plain-

tiff more than $100, for flour sold him, through his selling agent, one Hatch ; that when the defendant notified the plaintiff that he could not pay his debts, he referred him to Hatch, but did not agree conditionally or unconditionally to receive of him thirty-five per cent. of his indebtedness to him, in full payment thereof, or to sign the deed ; that after May 24, 1873, the defendant came to the plaintiff, told him that he had received his pay in full, and that he would oblige him if he would sign the said composition deed for his accommodation, as the man who was to advance to him the money to settle with his creditors would not do so, unless all of his creditors signed the deed ; that thus urged, the plaintiff signed the same, having at the time the note declared on, and the money paid by the defendant to Mr. Merrill, in his possession.

Upon the foregoing evidence the case was submitted to the jury ; there being no evidence beside the defendant's personal testimony of the signing of the deed by the persons or partnerships whose names were affixed thereto, or of the agency of persons appearing to have signed the same as agents of persons or partnerships, except the evidence afforded by the deed itself.

The plaintiff objected to all testimony of the parties as to conversations prior to the execution of the deed by the plaintiff, except such as might refer to the note; and the testimony being in, the plaintiff suggested that there was no evidence connecting the making of the note with the execution of the deed, and moved that a verdict be ordered for the plaintiff, and his motion being overruled, thereupon requested the following instructions to the jury :

" 1. That the execution of the composition deed set up in the defendant's answer and produced in evidence, at any time after the expiration of seven days from the date thereof, cannot bind the party so executing it to the terms thereof.

" 2. That said deed was null and void, unless all the creditors of Ira Hunt had executed it, and had been tendered the several sums representing thirty-five per cent. of their respective claims within seven days from and after the date thereof.

" 3. That the reception of the note before such execution could work no fraud upon the other creditors, such as could defeat the plaintiff's recovery in this action.

"4. The fact that one of the creditors never executed said deed, vacates the same as to all who have executed it, unless with knowledge of such fact they afterward ratified it.

"5. Unless the defendant made the note declared on, upon condition that the plaintiff would afterward sign the deed, there is no fraud on the part of the plaintiff that can vitiate the note.

" 6. That no verbal promise that the plaintiff would take thirty-five per cent. and sign the deed, if any such were made by him, is to be considered, unless such promise were made conditional upon the making the note in suit.

"7. That the plaintiff having received this note several days before he signed the deed, nothing short of an express promise on his part to sign the deed after the receipt of the note can affect such note with fraud."

The judge refused to give these instructions, and instructed the jury as follows : " If after the plaintiff had agreed to sign, with other creditors of the defendant, the deed for the composition of the defendant's debts, the plaintiff's attorney, by threats of suit or attachment of his property, collected of the defendant in cash a sum equal to or larger than the sum agreed by said creditors in said deed, to be taken in discharge of their claims, and obtained the note declared on, and delivered the same to the plaintiff, and the plaintiff, in consideration of the fact that he had thus received the full amount of his debt in cash and notes, affixed his signature to the composition deed, the jury would be warranted in finding that the note was without consideration. If there was no relation between the plaintiff's signing the composition deed and the giving the note declared on, and if this was an independent contract for the payment of the defendant's debt to the plaintiff, irrespective of any promise to sign the same and of the act of signing, the note was for a good consideration. The fact that the deed was signed by substantially all, but not by every one, of the defendant's creditors, or that the plaintiff did not sign the same until after May 14, are not material facts affecting this question of consideration of the note declared on."

The jury returned a verdict for the defendant ; and the plaintiff alleged exceptions to the instructions given, and to the refusal to rule as requested.

*H. N. Merrill,* for the plaintiff.

*P. W. Locke,* for the defendant.

DEVENS, J. The presiding judge did not assume, as the plaintiff contends, but submitted to the jury the question whether the signature of the plaintiff to the composition deed was obtained by payment to him in full of his debt in cash, and by the note in suit. If this question was answered affirmatively, they were directed that they would be warranted in finding that the note was without consideration, while they were cautiously instructed that if there was no relation between the plaintiff's signing the composition deed and the giving the note declared on, and that if this was an independent contract for the payment of the defendant's debt to the plaintiff, irrespective of any promise to sign the same and of the act of signing, the note was for a good consideration.

There was evidence of the previous oral agreement by the plaintiff to take thirty-five per cent. of his debt, and of the subsequent deposit by him of his claim with the attorney, and of the payment of fifty per cent. cash, and the delivery of the note in suit by the defendant, induced by fear of an attachment, and of the subsequent signature of the composition deed by the plaintiff. This sufficiently connected the execution of the deed with the making of the note, and while there was no direct evidence of any understanding or agreement between the parties that when it was so made the deed should be executed, these circumstances, if they were proved, justified the jury in finding its existence.

Upon these facts the instructions were also correct. The payment of money by a debtor to some of his creditors in order to induce them to execute a deed of composition is a fraud upon all other creditors who sign it, as they become parties upon the understanding that all are to receive the same amount, and are influenced each by the other to believe that the composition is a fair and just one. A private arrangement by which the influence of one as expressed by his signature, is bought by promises of advantage peculiar to himself, operates to deceive all others. No contract therefore to pay money, or to do any other valuable thing on such consideration, can be enforced, and however formal the instrument may be by which it is expressed, parol evidence is always admissible to show the fraud and thus avoid it. *Case v. Gerrish,* 15 Pick. 49. *Ramsdell v Edgarton,* 8 Met. 227.

*Lothrop* v. *King*, 8 Cush. 382. *Partridge* v. *Messer*, 14 Gray 180.

Nor had the instrument become void when the plaintiff signed it. Even if those who had signed it previously to May 14 would have been entitled to be released from it, if they so demanded, because of the failure to pay upon that day, it was entirely competent for them to waive this provision, and, as they received the thirty-five per cent. provided for by it, it must be deemed it was waived, as this would operate to reaffirm their signatures. While as to those who signed after May 14, who were apparently the larger number as shown by their signatures after that of the plaintiff, such signatures would clearly indicate a waiver of payment on that day.

Although the deed was not signed by all, but only by "substantially all" the creditors, this cannot make the consideration of this note good. Its validity is to be tested by the object with which the contract was entered into, and not by the number of persons actually deceived by means of it. *Gibbs* v. *Smith*, 115 Mass. 592. Even if creditors might have been entitled, either because the payments were not made on May 14, or because all had not signed the deed, to be released from the proposed composition, this would not affect the case. It is shown, however, that the deed was so largely signed that the composition was carried out; and the plaintiff's signature, which was obtained by reason of the private advantage which he sought to secure by his secret agreement, was in fraud of the just rights of those who were afterwards induced either to enter into or to complete the transaction.

Without discussing each of the numerous rulings requested by plaintiff, many of which do not seem to have been called for by any facts which appear on the bill of exceptions, the considerations to which we have adverted require us to hold that no error was committed in either those given or in refusing those which were declined.                    *Exceptions overruled.*