## ELIZA A. FAY *vs.* WALTER M. FAY.

Middlesex.    January 9. — 18, 1877.    COLT & ENDICOTT, JJ., absent.

A promissory note given to one creditor, in consideration of an agreement in fraud of the maker's other creditors, is void as between the parties.

CONTRACT on two promissory notes, by the payee against the maker.    Answer, want of consideration.

At the trial in the Superior Court, before *Bacon,* J., without a jury, Edmund B. Fay, the plaintiff's husband, was the only witness called by either party, and testified in substance as follows : " In 1871, Charles M. Fay, the defendant's father, left the Commonwealth, insolvent, having first made an absolute conveyance to the defendant of all his estate, and, in consideration thereof, the defendant, with the assent of the creditors of his father, assumed his father's liabilities, and thereupon the creditors of Charles M. Fay and of the defendant executed an instrument of compromise, under seal, agreeing to accept fifty per cent. of their several claims in full discharge thereof ; I was one of the creditors of Charles M. Fay, as was also my mother, in whose behalf I acted as agent in this matter ; to induce me and my mother to execute the instrument of compromise, the defendant made and delivered the notes declared on for the remaining fifty per cent. of the respective claims of myself and of my mother, over and above the amount we were severally to receive by virtue of the instrument of compromise, and the notes were gifts from me and my mother to the plaintiff ; the notes were made and delivered by the defendant before the execution of the instrument of compromise by myself or my mother, and to induce us to execute the same, and also as compensation to me for services in procuring the signatures of other creditors to the instrument, and the fact that we were to receive our claims in full by the notes declared on was not communicated to the other creditors."    The witness further testified that the terms of the instrument of compromise were never complied with by the defendant, but, that finding himself unable so to do, the defendant, with the assistance of the witness, procured his creditors to execute another instrument of compromise by which they agreed

VOL. VII.              36

to accept forty per cent. of their several claims in full discharge thereof, which last named instrument of compromise the witness, for himself and as the attorney of his mother, signed and executed in his own name and in his mother's name, being induced so to do by the assurances of the defendant that the notes aforesaid should be paid, and that the witness and his mother should receive their respective claims in full in the same manner as was agreed to be done when the first instrument was executed, and that at the time when the other creditors executed the last mentioned instrument, they were not informed of the fact that the claims of the witness and his mother were to be paid in full.

The judge, upon the foregoing evidence, found as a fact that the notes declared on were made and delivered by the defendant in pursuance of a secret agreement unknown to the other creditors (who signed both of the instruments of compromise) at the time they executed the same ; and that the notes were made and given in fraud of the other creditors and were void, and ordered judgment for the defendant.   The plaintiff alleged exceptions.

*H. L. Hazelton,* for the plaintiff.

*W. B. Gale & W. N. Mason,* for the defendant.

BY THE COURT.   The notes in suit, having been made in consideration of an agreement which was in fraud of the defendant's other creditors, were void as between the parties.   *Ramsdell* v. *Edgarton,* 8 Met. 227.   *Howe* v. *Litchfield,* 3 Allen, 443.   *Sternburg* v. *Bowman,* 103 Mass. 325.              *Exceptions overruled.*