## NATHAN F. HUCKINS vs. IRA HUNT.

Essex. Nov. 5, 1884. — Jan. 10, 1885. FIELD & C. ALLEN, JJ., absent.

A promissory note, given by a debtor to his creditor for the balance of his account, in consideration and upon the secret agreement that the creditor will execute a composition deed with the debtor, which purports to treat all the creditors equally, is void.

If a creditor executes with his debtor a composition deed, which purports to treat all the creditors equally, and receives the amount provided for therein in full satisfaction and payment of his account, the debtor having given him a promissory note for the balance of his account in consideration and upon the secret agreement that he would sign the composition deed, he cannot maintain an action against the debtor for the original debt, less the amount he has received.

CONTRACT in two counts. The first count was upon a non-negotiable promissory note for $217.50, given to the plaintiff by the defendant; the second count was for a like amount, upon an account annexed, for goods sold and delivered by the plaintiff to the defendant before the making of the note. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*J. P. Jones & B. B. Jones*, for the plaintiff.

*B. F. Brickett & C. H. Poor*, for the defendant.

MORTON, C. J. The plaintiff does not contend that he is entitled to recover upon the note upon which his first count is founded. The note was given in consideration, and upon the secret agreement, that the plaintiff should execute a deed of composition entered into between the defendant and his creditors, which purported to treat all the creditors equally. The decisions are numerous and uniform that such a note is void. *Harvey* v. *Hunt*, 119 Mass. 279, and cases cited.

But he contends that he is entitled to recover the balance of his account, for which the note was given, in the same manner as if he had not executed the composition deed. In other words, his claim is that the law will regard the rights of the parties as if the composition deed and the corrupt agreement by which it was accompanied had never been made.

We do not understand this to be the law. If two persons make an illegal contract, being *in pari delicto*, so long as it remains executory, the law will not aid either party to enforce it;

but, so far as it is executed, the law will not lend its aid to either party to relieve him from the consequences of the illegal contract, or to rescind it. *Myers* v. *Meinrath*, 101 Mass. 366. *Horton* v. *Buffinton*, 105 Mass. 399. *Cranson* v. *Goss*, 107 Mass. 439.

In the case at bar, the plaintiff executed the composition deed and received the amount provided for therein in full satisfaction and payment of his account. This operated as an extinguishment of his debt. The agreement with the defendant that he would pay the full amount of the debt in the future was illegal, and avoided the composition deed as to the other creditors. *Partridge* v. *Messer*, 14 Gray, 180. But the plaintiff was bound by it, and cannot set up his own illegality to relieve himself from its consequences.

His debt has been discharged and extinguished, and the law leaves the parties in the position in which they have placed themselves, and will not furnish a remedy to either, to undo what has been done. *Mallalieu* v. *Hodgson*, 16 Q. B. 689.

*Judgment for the defendant.*