## T. M. WALKER & others *vs.* AMAZIAH MAYO, JR.

Hampden.    September 28. — November 23, 1886.

An agreement of composition, by which creditors agree to accept a certain percentage of their several debts in full settlement thereof, and which provides that it is "not to be binding unless signed by all the unsecured creditors," is not a bar to an action on a claim by a creditor who has signed the agreement, if the agreement is not signed by all the unsecured creditors.

If a promissory note is void, because given by a debtor to his creditor to induce the latter to sign an agreement of compromise, which is signed by other creditors in ignorance of the giving of the note, and which becomes ineffectual by reason of its condition being unperformed, and the note is avoided by the debtor on the ground of its fraudulent character, the creditor may maintain an action against the debtor for the original debt.

CONTRACT, in two counts. The first count was upon an account annexed for work and materials, and the second count was upon a promissory note. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court, on appeal, upon agreed facts, in substance as follows:

On April 15, 1879, the defendant was indebted to the plaintiffs in the sum of $882.56, the amount and debt intended to be

covered by the first count of the declaration. The defendant was then in embarrassed circumstances, and was endeavoring to make a compromise with his creditors at twenty cents on the dollar of his indebtedness; and certain of his creditors had signed such an agreement of compromise, which provided that it was "not to be binding unless signed by all the unsecured creditors."

The plaintiffs declined to sign said paper, unless the defendant would agree to give to them a note for the remaining eighty per cent of their debt.

To this the defendant assented, and the plaintiffs signed said agreement, and received said note for eighty per cent. Thereafter the agreement for twenty per cent was signed by others of the creditors of the defendant, after the names of the plaintiffs.

The agreement was not signed by all the unsecured creditors of the defendant.

One Stewart, who had a claim against the defendant amounting to $185, refused to sign said paper, and was subsequently paid by the defendant in full.

After said paper had been signed by all the creditors whose names appear upon it, the defendant paid to the plaintiffs and the other signers of the compromise twenty per cent of the amount of their claims. Except as above stated, no part of the account in suit has been paid. Demand had been made thereon prior to April 15, 1879.

*G. Wells*, for the plaintiffs.

*C. L. Long*, for the defendant.

C. ALLEN, J. The agreement of compromise is no bar to the plaintiffs' action, there being an express stipulation that it should not be binding unless signed by all the unsecured creditors. *Turner* v. *Comer*, 6 Gray, 530. There was nothing to show a waiver by the plaintiffs of this stipulation; and the defendant therefore acquired no rights under it. The plaintiffs did not agree to accept twenty per cent in full, unless all the unsecured creditors should sign the agreement; which they did not do. The plaintiffs' conditional agreement to accept this percentage in full is therefore to be disregarded. In this respect, this case differs from *Huckins* v. *Hunt*, 138 Mass. 366. It is conceded on all hands that the note was fraudulent and void,

and that no recovery can be had upon the second count. *Fay* v. *Fay*, 121 Mass. 561. *Huckins* v. *Hunt, ubi supra*. The defendant sets up its fraudulent character in defence, and, since it was clearly void, and since both parties so treat it, we must assume that the court also so treated it, and that the finding of the court for the plaintiffs was on the first count, which declared on the original indebtedness of the defendant to the plaintiffs. The question therefore is, whether the note, being thus void and avoided by the defendant, is nevertheless to be deemed a payment of the original debt.

Ordinarily, in Massachusetts, a note given for a simple contract debt is presumed to be taken in payment. The reason for this was thus given by Chief Justice Shaw: "It is founded on the consideration, that when a note is given for goods, even if it is not negotiated, it is equally convenient to the creditor (and generally more so) to sue on the note, as on the original consideration, and so there is no reason for considering the original simple contract as still subsisting and in force." *Curtis* v. *Hubbard*, 9 Met. 322, 328. The giving of the note is simply giving a new promise in place of the old one. But in case the new promise is void, and is avoided by the promisor, then the creditor gets nothing at all for his debt. The defendant seeks in the same breath to say, that the plaintiffs get nothing and something; that they did not get a new promise to be enforced, but got one sufficient to supersede the old promise. This cannot be, in a case where the defendant has repudiated, withdrawn, cancelled, and nullified the new promise. It is as if it had never been. The plaintiffs were barred by their participation in the fraud from recovering on the note itself; but the fraud does not affect the original debt. It was no part of the transaction on which the plaintiffs seek to recover, under their first count. The defendant cannot be allowed to escape payment of a debt originally just, by setting up an independent and subsequent fraudulent scheme, like that adopted in the present case, which he himself has set aside and avoided. This rule has been uniformly applied where the new note was void for usury. *Johnson* v. *Johnson*, 11 Mass. 359. *Stebbins* v. *Smith*, 4 Pick. 97. *Ramsdell* v. *Soule*, 12 Pick. 126. And it is a general rule, that where a debtor gives a new security which is void and avoided,

the creditor may sue him on the original contract. *Leonard* v. *Taunton Congregational Society*, 2 Cush. 462. *Turner* v. *Browne*, 3 C. B. 157. For these reasons, in the opinion of the majority of the court, the entry must be,

*Judgment for the plaintiffs affirmed.*