TERESA ADOLPH *vs.* MINNEAPOLIS & PACIFIC RAILWAY COMPANY.

December 9, 1889.

**Ejectment against Railway Co. — Answer Asking Condemnation — Mode of Trial.**—Where a railroad company, under Gen. St. 1878, c. 34, §§ 33 *et seq.*, when sued in ejectment for land taken by it for its use without making compensation, in its answer asks to have the compensation for the taking ascertained, and for judgment entitling it to the land on paying the amount ascertained, the question of such amount must be tried in the same manner and upon the same kind of evidence as in an original proceeding instituted by it for the purpose.

Various exceptions considered and disposed of.

Appeal by defendant from an order of the district court for Stearns county, refusing a new trial after a trial before *Searle*, J., and verdict rendered as follows: "We the jury in the above-entitled action find a verdict for the plaintiff, and assess the amount of damages she is entitled to recover at the sum of $500.00."

*J. D. Springer* and *Reynolds & Stewart,* for appellant.

*D. W. Bruckart,* for respondent.

GILFILLAN, C. J. This action was brought to recover possession of a strip of land 100 feet wide, and containing about 2¾ acres, and extending across a 40-acre tract, described as the N. W. ¼ of the N. E. ¼ of section 10, township 121. The complaint alleges the plaintiff to be the owner in fee of all of the 40, and that possession of the strip is unlawfully withheld by defendant. The answer admits the taking and withholding, and alleges that the strip was taken for railroad purposes, as a right of way; that no compensation has been made for the taking; and it puts in issue plaintiff's title. It asks that the compensation for the taking be ascertained, and that defendant, upon paying the amount, be adjudged entitled to the strip.

The answer proceeds under Gen. St. 1878, c. 34, § 33, and the following sections, which permit a railroad company, when sued in ejectment to recover land which it has taken for railroad purposes without having made compensation, to turn the action into—or per-

haps it would be more nearly accurate to say to attach to it—a proceeding to obtain the right to take and use the land.   It must be apparent that such an answer brings into the case issues not presented by the complaint.   Upon such an answer the question of the amount of compensation must be tried in the same manner and upon the same kind of evidence as in an original proceeding instituted by the company to acquire the right to take the land.   Had the defendant merely answered the complaint as a complaint in ejectment, the sole issues would be plaintiff's title to, or right to the possession of, the strip, and the amount of damages for having withheld it in the past. That he did or did not own or have possession of any other land would not affect his right to recover the strip.   But, as a proceeding on the part of the defendant to condemn the strip to its use, the compensation or damages are to be assessed not merely for having withheld it in the past, but for taking and using it for railroad purposes in the future, in perpetuity; and it is material that plaintiff does or does not own or possess other land, for, if the strip be only a part of one entire tract owned by plaintiff, the damage to the tract by taking the strip out of it forms the basis of compensation.   Of course it must be open to the owner to prove the piece taken to be part of a larger tract, and to prove what such larger tract is.   It was therefore proper for the court below to allow plaintiff to give evidence of her title to and possession and use as one farm of four adjoining forty-acre tracts, through one of which the strip in question runs. That proof was not merely to sustain the allegations of her complaint, nor was her right to make such proof to be measured by those allegations.   It was to get at the proper amount of compensation, which the answer asks to have ascertained.   The right to make the proof was to be measured by the case made by the answer.   This disposes of appellant's assignments of error from 1 to 8, inclusive.

It appearing in the case that the company had previously acquired the right to run its road across one of the 40-acre pieces constituting the farm, spoken of as the " north forty in section three," the rule as to the measure of damages given by the court in its charge to the jury was correct, to wit:  " What is the difference in the value of her farm (assuming that the railroad runs across the north forty in

section three) without the railroad running across the east forty, (over which the strip in question extended,) and with it running across the east forty, as it does; what additional or increased damage has she sustained by reason of the construction of the road across the east forty?" And the questions to the witnesses, being framed according to this rule, were correct. Plaintiff showed record title to three of the forties, including that across which the strip in question extends. As to the other forty, she showed possession, which is *prima facie* evidence of title. The verdict was in substance, though perhaps not in form, according to the statute, and no objection was made to its form when it was returned. It is too late now to make objections going only to its form.

Order affirmed.