GEORGE R. NEWELL vs. J. C. HIGGINS.

Submitted on briefs Oct. 9, 1893.  Affirmed Oct. 20, 1893.

No. 7985.

**Composition with creditors.  A secret advantage, void.**

Promissory notes made pursuant to a secret agreement between a debtor and one of several of his creditors, executing a composition agreement, by which, to induce such creditor to sign the composition, the debtor agreed to execute to him the notes, in addition to what the composition stipulated, are void between the parties to them.

Appeal by plantiff, George R. Newell, from an order of the District Court of Hennepin County, *William Lochren,* J., made July 23, 1892, denying his motion for a new trial.

On April 3, 1891, Hans C. Peterson, a merchant doing business in Minneapolis was insolvent and unable to pay his debts.  He owed George R. Newell & Co. $4,060.  He owed the First National Bank of Minneapolis $15,000.  He owed other creditors about $11,000.  On that day an agreement was made by and between Peterson and his creditors in and by which he agreed to convey to Newell for his firm, lots three (3) and four (4) in block three (3) in Bradford & Bassett's Addition to Minneapolis, in satisfaction of his debt to that firm, and to convey to the Bank lots five (5) and six (6) and the west half of lot four (4) in block four (4) of said Addition in satisfaction of his debt to it and to pay his other creditors fifty per cent. of his indebtedness to them severally in satisfaction of their claims.  He and his creditors signed and delivered this composition agreement and it was afterwards fully performed.

To induce George R. Newell & Co. to sign the agreement it was secretly agreed between that firm and Peterson that he should give George R. Newell his four promissory notes for $500 each with defendant J. C. Higgins as indorser on two of them.  The deed and the notes were made and delivered to Newell.  When the notes fell due Higgins refused to pay and this action was brought upon the two notes indorsed by him.  A jury was waived and the Court made findings and ordered judgment for the defendant. Plaintiff made a motion for a new trial, which was refused, and he appeals.

*Freeman P. Lane* and *William H. Briggs,* for appellant.

If it be conceded that the transaction between Peterson and George R. Newell was fraudulent as to existing creditors of Peterson, the defendant who had full knowledge of the entire transaction and was a deliberate party to it in all its stages, could not avail himself of such fraud, or rely upon it as a defense to plaintiff's action. Contracts void as to creditors are nevertheless good as between the parties. *Piper* v. *Johnston,* 12 Minn. 60; 1 Story, Eq. J. § 425; Benjamin, Sales, § 490; *Sawyer* v. *Harrison,* 43 Minn. 297; *Harvey* v. *Varney,* 98 Mass. 118; *Clemens* v. *Clemens,* 28 Wis. 637; *Brooks* v. *Martin,* 2 Wall. 70; *Jones* v. *Rahilly,* 16 Minn. 320; *Livingston* v. *Ives,* 35 Minn. 55; *Devlin* v. *Quigg,* 44 Minn. 534.

Upon the face of the note plaintiff was entitled to recover. In order to avoid payment defendant alleges fraud. He thus becomes the real actor in respect to the substance of the dispute in the action, and by reason of his own fraud is not entitled to relief. *Evans* v. *Dravo,* 24 Pa. St. 62; *Hendrickson* v. *Evans,* 25 Pa. St. 441.

In the case at bar the decision of the trial court is based upon *Atkinson* v. *Danby,* 7 Hurl. & N. 933. That case is not in point as an authority. The decision is more in the nature of a *dictum* than an authority. The real question involved in this case is based upon the principles passed upon in the case of *Sage* v. *Valentine,* 23 Minn. 102, and *Duluth Chamber of Commerce* v. *Knowlton,* 42 Minn. 229.

*Christiansen & Tuttle,* for respondent.

This agreement is framed with a view to avoid having all the creditors join. It is made between Peterson and "the undersigned creditors of the second part." Peterson agrees to convey all his real estate except his homestead and agrees to turn over all personal property to be converted into money to be used in the payment of the claims. The agreement was drawn expressly with a view to do away with the necessity of having all sign. It was only intended for the larger creditors. Such agreement is valid and binding upon all the parties who join therein. *Brown* v. *Farnham,* 48 Minn. 317; *White* v. *Kuntz,* 107 N. Y. 518; *Norman* v. *Thompson,* 4 Exch. 755; *Good* v. *Cheesman,* 2 B. & Ad. 328.

A creditor who unites with others in a composition deed enters

into an obligation thereby, not only with the debtor, but with the other creditors who are parties, and any separate agreement by which he secures to himself advantages not enjoyed by the others is a fraud upon them and void. *Patterson* v. *Boehm,* 4 Pa. St. 507; *Lee* v. *Sellers,* 81½ Pa. St. 473; *Lawrence* v. *Clark,* 36 N. Y. 128; *Fay* v. *Fay,* 121 Mass. 561; *Sternburg* v. *Bowman,* 103 Mass. 325; *Feldman* v. *Gamble,* 26 N. J. Eq. 494; *Harvey* v. *Hunt,* 119 Mass. 279.

And it has been held that where money was paid by the debtor under such fraudulent agreement it may be recovered from the creditor in an action for money had and received. *Smith* v. *Cuff,* 6 Moo. & S. 160; *Horton* v. *Riley,* 11 M. & W. 492; *Gilmour* v. *Thompson,* 49 How. Pr. 198; *Pinneo* v. *Higgins,* 12 Abb. Pr. 334; *Atkinson* v. *Danby,* 7 Hurl. & N. 933; *Dallinger* v. *Earle,* 82 N. Y. 393; *Knight* v. *Hunt,* 5 Bing. 429.

GILFILLAN, C. J. One Peterson was indebted to the plaintiff's firm, Geo. R. Newell & Co., and also to various other persons, and Peterson and various of his creditors, including plaintiff's firm, executed a composition agreement by which that firm agreed to accept a conveyance of certain real estate in full of its claim, another creditor agreed to accept a conveyance of certain other real estate in full of the debt due it, and each of the other creditors agreed to accept 50 per cent. of his or their respective claims in full thereof. This agreement was carried out. Before signing the agreement it was agreed orally between Peterson and said firm that, in consideration of the firm signing the agreement, Peterson should (in addition to the conveyance of real estate as mentioned in the agreement) execute to plaintiff four promissory notes for $500 each, two of them to be indorsed by this defendant, and the notes were so executed and indorsed. Several of the creditors signed the composition agreement after it was signed by plaintiff's firm. The oral agreement was to be kept secret from the other signing creditors, and it was never known to them. This action is to recover upon the two notes so executed and indorsed by defendant.

A composition agreement is an exception to the rule that payment of part of a liquidated and due debt is not satisfaction for the

whole. It is excepted because there is a consideration to each creditor for his agreement to accept less than his claim in full payment. The composition is regarded as an agreement, not merely between the debtor and each creditor, but also between the several creditors. The engagement of each creditor to accept less than his claim is the consideration to each of the others for his like engagement. Each creditor signing has a right to assume that each one is to receive the benefit stipulated in the agreement; that it sets forth truly the terms of composition as to all the parties. Any separate agreement by which one of the creditors secures to himself benefits not conferred on the others, and which agreement is not disclosed to them before they sign the composition, is a fraud upon them. Such separate agreement is void. It is claimed, however, that, in analogy to cases of conveyances and transfers made to defraud creditors, the agreement is valid between the parties to it, and void in favor only of those sought to be defrauded, to wit, the creditors. The decisions are uniform that the agreement is void as to all parties. See 3 Amer. & Eng. Enc. Law, pp. 396, 398, and cases cited in notes 5 and 3, especially *Howden* v. *Haigh*, 11 Adol. & E. 1033; *Atkinson* v. *Denby*, 7 Hurl. & N. 933; *Case* v. *Gerrish*, 15 Pick. 49; *Ramsdell* v. *Edgarton*, 8 Metc. (Mass.) 227; *Harvey* v. *Hunt*, 119 Mass. 279; *Fay* v. *Fay*, 121 Mass. 561; *Wiggin* v. *Bush*, 12 Johns. 305; *Lawrence* v. *Clark*, 36 N. Y. 128; *Patterson* v. *Boehm*, 4 Pa. St. 507; *Lee* v. *Sellers*, *81 Pa. St. 473. We have not found any case in which such secret agreement was sustained.

There is a class of cases, of which *Atkinson* v. *Denby, supra,* is one, which go so far as to hold that even where the secret agreement is fully performed by payment of the money, or transfer of the property, stipulated, the debtor may, upon the theory of coercion exercised over him by the creditor, recover it back from the creditor. It is not necessary for us to express an opinion on those cases. It is certain that, where the agreement has not been fully performed, a court will not assist the fraudulent party by compelling performance.

Order affirmed.