## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

JAMES W. BROWN *vs.* GEORGE F. NEALLEY.

Suffolk. January 10, 1894. — March 1, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Composition with Creditors — Secret Agreement with one Creditor — Parties not in Pari Delicto.*

A corporation, of which A. was president, assented, as a creditor of B., to an assignment of his property made by him for the benefit of his creditors; it being understood at the time of the assignment that B. should compromise with his creditors by paying them sixty per cent instead of the assignment being carried out. A. obtained from B. an agreement to pay A. a sum equal to forty per cent of B.'s indebtedness to the corporation, as compensation for money to be lent by A. to enable B. to carry out the contemplated compromise; and, as security for the money so to be lent and such compensation, B. executed to A. an assignment of his equity in the personal property which had been assigned in trust for the benefit of his creditors. In fact, B. received no money from A., but the compromise was carried out and the sixty per cent paid to the creditors, and B. received back from the assignees all the property remaining in their hands. A. then brought an action against B. for the conversion of the property, seeking to recover a sum equal to forty per cent of B.'s original indebtedness to the corporation. *Held,* that the action could not be maintained; and that the parties were not *in pari delicto.*

TORT, for the conversion of certain personal property. Trial in the Superior Court, without a jury, before *Braley,* J., who ruled that the action could not be maintained; found and

ordered judgment for the defendant; and, at the plaintiff's request, reported the case for the determination of this court. If the ruling was right, judgment was to be entered for the defendant; otherwise, for the plaintiff. The facts appear in the ᵢpinion.

*C. H. Sprague & C. E. Washburn*, for the plaintiff.

*C. W. Bartlett*, for the defendant.

ALLEN, J.    The defendant, being embarrassed in his business, made an assignment of his property in trust for the benefit of his creditors.    The plaintiff was president of a corporation which was a creditor, and which assented to the terms of the assignment.    It was understood at the time of the assignment that the defendant should compromise with his creditors by paying them sixty per cent, instead of the assignment being carried out. The plaintiff obtained from the defendant an agreement to pay him a sum equal to forty per cent of the defendant's indebtedness to the plaintiff's corporation, as compensation for money to be lent by the plaintiff to enable the defendant to carry out the contemplated compromise ; and as security for the money so to be lent and said compensation, the defendant executed to the plaintiff an assignment of his equity in the personal property which had been assigned in trust for the benefit of his creditors. In point of fact, the defendant received no money from the plaintiff, but the compromise was carried out and the sixty per cent paid to the creditors, and the defendant received back from the assignees all the property remaining in their hands.

The action is tort for the conversion by the defendant of the property, and the plaintiff seeks to recover the sum equal to forty per cent of the defendant's original indebtedness to the plaintiff's corporation.

The court found that the agreement with the plaintiff was for the purpose of enabling his corporation to receive pay in full for its claim against the defendant, while the other creditors should ᵧet but sixty per cent, and that, while it was made in the name ᵢf the plaintiff, it was intended for the benefit of the company, and the company was the real party in interest, and that the signing by the company of the agreement of composition was induced by said agreement : and thereupon ordered judgment to be entered for the defendant.

These findings were well warranted by the evidence, and the entry of judgment for the defendant was right. It is true that at the time of the defendant's promise and assignment to the plaintiff the plaintiff's corporation had already signed its assent as a creditor to the defendant's assignment for the benefit of his creditors, but the agreement of composition at sixty per cent had not then been signed or prepared, and the plaintiff's intimation to the defendant was that his company must not lose anything by the settlement, and that he should charge to the defendant a sum equal to forty per cent. The fact that the defendant's promise was not made directly to the corporation is immaterial. The plaintiff stood in its place. The object was to secure the assent of the corporation by a secret agreement by which it should get more than the rest of the creditors. Such promise is void. *Huckins* v. *Hunt*, 138 Mass. 366.

The plaintiff contends that the parties were *in pari delicto*. If so, the law leaves the parties where they stand, and will not help the plaintiff. *Dent* v. *Ferguson*, 132 U. S. 50. *Huckins* v. *Hunt*, 138 Mass. 366. But though the defendant was *in delicto*, it is not found and cannot now be said that he was *in pari delicto*, because he was acting under stress of circumstances. *White* v. *Franklin Bank*, 22 Pick. 181. *Duval* v. *Wellman*, 124 N. Y. 156. Pomeroy, Eq. Jur. §§ 403, 942.

*Judgment for the defendant.*