FIRST NATIONAL BANK OF MINNEAPOLIS *vs.* EDWARD H. STEELE.

Argued May 29, 1894. Affirmed July 10, 1894.

No. 8691.

**The question here, one of fact for the jury.**

*Held* that, upon the evidence, it was a question for the jury whether a certain agreement was a composition agreement between the creditors themselves as well as between them and the debtor, so as to bring the case within the rule of *Newell* v. *Higgins,* 55 Minn. 82, or whether it was an agreement between plaintiff and defendant alone.

Appeal by defendant, Edward H. Steele, from an order of the District Court of Hennepin County, *Thomas Canty,* J., made December 2, 1893, denying his motion for a new trial.

On January 1, 1889, defendant made and delivered to the plaintiff, the First National Bank of Minneapolis, his promissory note for $20,009.44 due two years thereafter with interest annually at eight per centum per annum. This action was upon the note to recover judgment for the amount due upon it. Defendant answered that on August 8, 1888, he was insolvent and made a general assignment of his property to Whipple Andrews under Laws 1881, ch. 148, in trust for his creditors, that he owed one hundred and fourteen different creditors the aggregate sum of $145,599.40, that his assets inventoried $199,999.73, that on October 19, 1888, he proposed as a settlement with his creditors to form a stock corporation with $200,000 capital and that each creditor should take stock to the amount of his claim in full thereof. That the assignee should convey and transfer to the corporation all the assigned property and estate by order of the court and be discharged. That the corporation should be managed by the creditors, its property sold, and the proceeds divided *pro rata* among its stockholders. Defendant further answered that the proposition was accepted by all his creditors including the plaintiff and the corporation formed and the property and assets transferred to it, but that plaintiff subsequently refused to execute a release of the debtor and file it with the assignee, unless he would make and deliver to it the note in suit, which he secretly did. He claimed that this note was an un-

lawful preference and a fraud upon the other creditors and void. The plaintiff replied that it took stock in the corporation to the amount of its claim and released the debtor, and at the same time sold to him the stock at par and received for it the note in suit, and denied the other allegations of the answer. The issues were tried April 14, 1893, and plaintiff had a verdict for the amount of the note. Defendant moved the court for a new trial. Being denied he appeals.

*George B. Spencer,* for appellant.

Where a creditor who signs a composition agreement and thereby induces other creditors to sign, makes a private bargain, the effect of which is to place such creditor in a better position than the other creditors, he thereby commits a fraud upon them and such private bargain is void. *Newell* v. *Higgins,* 55 Minn. 82; *Frieberg* v. *Treitschke,* 36 Neb. 880; *Trumball* v. *Tilton,* 21 N. H. 128; *Wiggin* v. *Bush,* 12 Johns. 306; *Lewis* v. *Jones,* 4 Barn. & Cress. 763; *Lee* v. *Sellers,* \*81 Pa. St. 473; *Leicester* v. *Rose,* 4 East, 380.

*Lawrence, Truesdale & Corriston,* for respondent.

The plaintiff does not propose to dispute defendant's legal proposition. The questions involved in this appeal depend almost entirely upon the view taken of the facts. It is perfectly legal and proper for a creditor to agree with his debtor for the discharge by the court of the assignee and that the assets be returned to debtor or to a corporation for his benefit without discharging the debtor from his debt. That is the exact situation in this case. Steele considered his proposition to his creditors for settlement to be a separate deal with each one, and that there was no mutual contract between creditors themselves.

The question as to whether the plaintiff and other creditors made an agreement with each other was fully explained to the jury by the court in its charge and could not be misunderstood by them. It was practically the sole question determined by them. There was ample evidence to sustain the verdict and it is conclusive.

BUCK, J. Plaintiff's first six assignments of error may be all summed up in the proposition that the note sued on was void under

the familiar rule announced in *Newell* v. *Higgins,* 55 Minn. 82 (56 N. W. 577,) that where a creditor, who signs a composition agreement with his debtor, by which to induce other creditors to sign it, makes a private bargain with the debtor, the effect of which is to place such creditor in a better position than the other creditors, he thereby commits a fraud upon them, and such private bargain is void. The trial court correctly instructed the jury to that effect, but left it to them to determine from the evidence whether this was a composition agreement between the creditors themselves as well as between the plaintiff and the defendant, or was an agreement between the plaintiff and defendant alone. We are of the opinion that under the evidence this was a question for the jury, and that their verdict, which is adverse to the defendant, is conclusive, and takes the case out of the rule invoked.

The remaining assignments of error go to the action of the court. in refusing to grant a new trial on the ground of surprise and newly-discovered evidence. There is no merit in these assignments.

The only ground urged for a new trial was that defendant's counsel misconstrued plaintiff's reply as admitting that the agreement was a composition one between all the creditors, and therefore he did not introduce evidence which he would have done had he construed the pleading correctly. Order affirmed.

CANTY, J., took no part.

(Opinion published 59 N. W. 959.)

Application for reargument denied July 20, 1894.