THERESA ADOLPH et al. vs. MINNEAPOLIS & PACIFIC RAILWAY CO.

Submitted on briefs June 11, 1894.    Affirmed July 13, 1894.

No. 8811.

**Contract rescinded for fraud.**

    Where a woman is unable to read English, and but little acquainted with business, a fraudulent misrepresentation of the contents and effect of a contract, and a false and fraudulent statement that her husband had sent the party to tell her to sign it, and that it was all right, if she be thereby induced to sign it without knowing its contents and effect, the contract may be rescinded for fraud.

**Error, Assignments of.**
> Assignments of error *he'd* insufficient.

Appeal by defendant, the Minneapolis and Pacific Railway Company, from a judgment of the District Court of Stearns County, *L. L. Baxter*, J., entered January 8, 1894, cancelling its contract for right of way across forty acres of land.

Plaintiff, Theresa Adolph, owned the southeast quarter of the southwest quarter of Section three (3) T. 121, R. 29, in Stearns County. She was the wife of John Adolph. They were of German birth, unable to read or write the English language and could speak and understand it but imperfectly. Defendant's agent on April 12, 1886, represented to John Adolph that the railway would only touch the land at the northeast corner for a short distance, taking not over half an acre where the stakes for the line were then stuck. He believed and relied on this statement and signed the contract. The agents then went to the wife and falsely told her that her husband had sent them to her and had told them to say to her that she should also sign the contract. She believed and relied on this statement and signed the contract. The contract was partly in print and filled in by writing in English and was not read to either. It provided that in consideration of one dollar the owner would grant to the railway on demand the right of way one hundred feet in width for a railroad wherever it might be constructed across the forty acre tract. Defendant afterwards constructed the railroad across the forty acres on a new line running near and parallel to the south line taking four acres and cutting off access from this land to the remainder of her farm on the south.

The plaintiffs, Adolph and husband, commenced this action October 16, 1886, to rescind this contract for fraud. The issues were tried and the testimony taken December 30, 1886, before Hon. *Loren W. Collins*, but remained undetermined when he was appointed a Justice of this court. By stipulation of the parties, the evidence was on August 5, 1893, submitted to Judge *Baxter* and he made findings as follows:

"All of the allegations and statements contained in the complaint in said action, except those in paragraph seven thereof, are true as therein set forth. As to paragraph seven the allegations thereof are not sustained by the evidence.

"As conclusions of law I find the contract made by the plaintiffs to the defendant and mentioned and set forth in the complaint in this action is null and void.    The defendant has no estate in or title to the land or any part of it.    The plaintiffs are entitled to recover their costs and disbursements herein, including ten dollars attorney's fees.    Judgment is hereby ordered accordingly."

*Alfred H. Bright* and *Geo. H. Reynolds*, for appellant.

The complaint does not state facts sufficient to constitute actionable fraud.    There is no competent evidence of any fraud perpetrated by the appellant or its agent.    There is no competent evidence to support the findings of fact made by the trial court.    There was no relation of trust or confidence existing between defendant or its agents and the plaintiffs, and no attempt is made to excuse their failure to read and understand this agreement.    It is inexpedient, upon grounds of public policy, that a solemnly executed instrument known at the time to be executed for the very purpose of embodying, evidencing and accomplishing the purpose of the parties, should be set aside upon the ground of fraud, unless the proof be clear and strong.    The instrument itself, knowingly executed, becomes a strong wall of evidence not to be lightly overcome by unsatisfactory oral testimony.    *Albitz* v. *Minneapolis & P. Ry. Co.*, 40 Minn. 476; *McCall* v. *Bushnell*, 41 Minn. 37; *Brown* v. *Blunt*, 72 Me. 415; *Martin* v. *Berens*, 67 Pa. St. 459; *Minneapolis, St. P. & S. Ste. M. Ry. Co.* v. *Chisholm*, 55 Minn. 374; *Oxford* v. *Nichols & S. Co.*, 57 Minn. 206.

The fact that the plaintiffs were Germans and not able to read the contract executed by them does not excuse them from the necessity of ascertaining what kind of a contract they were executing, there being no such relation between them and defendant's agents as made it their duty to make plaintiffs comprehend the contract. Defendant's agents did nothing to divert the attention of plaintiffs from the purport of the instrument.

*Bruckart & Brower,* for respondents.

Where one is dealing with an illiterate man who can neither read nor write, it is incumbent on the former to see, past doubt, that the latter fully understands the object and import of the writings which

he executes. *Selden* v. *Myers,* 20 How. 506; *Trambly* v. *Ricard,* 130 Mass. 259; *Miller* v. *Sawbridge,* 29 Minn. 442; *C. Aultman & Co.* v. *Olson,* 34 Minn. 450; *Albits'* v. *Minneapolis & Pac. Ry. Co.,* 40 Minn. 476.

GILFILLAN, C. J.   This is an action to rescind a contract executed by the plaintiff Theresa, granting to the defendant a strip for right of way across her land, on the ground that her execution thereof was obtained by the fraud of the defendant.

There is nothing in any of the assignments of error to rulings of the court on the admission of evidence.

The assignment of error to the findings of fact is insufficient.   The complaint contains seven paragraphs, each making statements of fact.   The findings are "that all the allegations and statements of fact contained in the complaint in said action, except those in paragraph seven thereof, are true, as therein set forth."   This is equivalent to a specific finding as to each and every fact, and a proper assignment of error should specify the particular fact, to the finding of which exception is taken, which the assignment in this case fails to do.

As to the point made in appellant's brief, but not in the assignments of error, on the effect of a former action and judgment, 42 Minn. 170 (43 N. W. 848), it is enough to say that there is no finding of fact on which to base it.

There is therefore no question to be considered in the case, but the sufficiency of the complaint to make a case of procuring the plaintiff Theresa's execution of the contract by false and fraudulent representations.

The same general criticism as to its manner of making allegation might be made of this complaint as was made in *Albitz* v. *Minneapolis & Pacific Ry. Co.,* 40 Minn. 476, (42 N. W. 394.)   But, though not stated with the utmost definiteness and precision, there are sufficient facts appearing to justify the judgment.

It appears that the defendant's agents not only fraudulently misrepresented to plaintiff the contents and effect of the contract, in material particulars, but also falsely and fraudulently stated to her that her husband had sent them (defendant's agents) to her, and told them to tell her, that she should sign the instrument then pre-

sented to her, and that the same was all right, and that she, relying on those representations, signed it.

With a woman in her position in life, unable to read English, and little acquainted with business, the representation that her husband had sent them to tell her to sign the contract, and that it was all right, was a device to prevent her ascertaining the contents and effect of the contract, before signing, that would make a clear case of fraud in procuring its execution.

Judgment affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 959.)