## McTighe v. McKee.

### Opinion delivered March 22, 1902.

FRAUD—NOTE—ENTIRETY OF CONSIDERATION.—Where two partners, each owning one-half of a certain fund, executed without consideration a note to the wife of one of them for the amount of such fund, to defraud the creditors of the other, the note, being illegal as to one-half at least of the consideration, is void *in toto* as to creditors and between the parties.

Appeal from Crittenden Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

*Dodge, Johnson, Carroll & Pemberton,* for appellant.

Appellee is barred from recovery by her participation in the fraudulent scheme. 1 Pom. Eq. §§ 397, 401; Story, Eq. §§ 275a, 371; 5 How. 205; 4 Bax. 259; Bishp. Eq. § 42; 10 Humph. 300; 3 Head, 297; 2 Sneed, 502; 10 Heisk. 458; 5 Lea, 186; 1 Pick. 282; 19 Ark. 346; 14 Ark. 276; 2 Rose, 351; 1 H. Bl. 65; 47 Ark. 511; 42 Ark. 349; 10 L. R. A. 102.

*Norton & Prewett* and *H. H. Myers,* for appellee.

The burden of proof was on the party alleging fraud. 14 Am. & Eng. Enc. Law, 190; 5 Ark. 345; 9 Ark. 482; 18 Ark. 123.

BATTLE, J. This action involved two tracts of land. One is known as the "Memphis Land & Timber Company land," containing 4,399.35 acres, and the other as the "Brinkley lands," containing 966.26 acres. Since the appeal in this case was taken, both parties have parted with their interest in the "Memphis Land & Timber Company land," and abandoned the same. We will therefore confine what we have to say and decide to so much of the facts and law of the case as affect the "Brinkley land."

On the 3d day of October, 1896, Margaret B. McKee, wife of I. S. McKee, instituted an action in the Crittenden chancery court against John F. Toof, E. L. McGowan, John S. McTighe and George E. McTighe, his wife, I. S. McKee, and J. H. Biscoe. The

action was based upon a note for $2,432.35, executed by Toof, Mc-Gowan & Co. to Margaret B. McKee on the 7th of May, 1892, and made payable on the 1st of September, 1893; and the object of it was to recover a judgment against John S. McTighe for the amount due on the note, and to subject his interest in the Brinkley land to sale for the purpose of paying the judgment; such interest being one undivided half of the land. Plaintiff sued out an order of attachment, and caused it to be levied upon McTighe's interest in the Brinkley land. The chancery court sustained the attachment, found the sum of $3,387.64 to be due on the note, and ordered that McTighe's interest in the Brinkley land be sold to pay the same. No personal judgment was rendered against McTighe, because he had been adjudged a bankrupt, nor was there any judgment rendered against Toof, McGowan & Co. McTighe and his wife appealed.

The indebtedness for which the note sued on was executed arose under the following circumstances: Toof, McGowan & Co. were merchants in Memphis, and John S. McTighe was a member of the firm. I. S. McKee and John S. McTighe were partners in business, and as such had to their credit on the books of Toof, McGowan & Co. $2,432.35, each being the owner of one-half of this fund. At the time the note was executed John S. McTighe was hopelessly involved in debt. To protect and shield his half of this fund against his creditors and prevent their seizure of the same, McKee and McTighe caused the note sued on to be executed for the whole amount of the fund to their credit. In this arrangement, and in the procurement and acceptance of the note, McKee represented his wife, the appellee; and in this way she had constructive, if not actual, notice of all the facts connected with the note.

The note was executed for an unlawful purpose. Sand & H. Dig., § 1577. At least one-half of the consideration thereof was therefore illegal; and, the note being an entire contract, the whole of it is void as to creditors and between the parties. *Crawford* v. *Morrell,* 8 John. 253; *Niver* v. *Best,* 10 Barb. 369; *Sternburg* v. *Bowman,* 103 Mass. 325.

The note sued on differs from that given by a vendee for property sold to him for the purpose of defrauding the creditors of the vendor. Some courts hold that such a note is good between the parties. *Harcrow* v. *Gardiner,* 69 Ark. 6. But in this case

John S. McTighe, in legal effect, without consideration, promises to pay to Mrs. McKee his half of a large sum of money for the purpose of defrauding his creditors. The promise, being without consideration and a fraud as to creditors, is void as to creditors and the parties.

So much of the decree of the chancery court as condemns the lands of appellants to pay the note sued on is, therefore, reversed, and the cause is remanded with instructions to the court to modify its decree in accordance with this opinion.

BUNN, C. J., dissents.