Eno, J.
This is a voluntary report by a trial judge under G. L. (Ter. Ed.) c. 231, § 108, as amended. The action is one of contract with a declaration in three counts, all for the same cause of action. Count 1 is for goods sold and for rent. Count 2 is under a written agreement annexed to the declaration, and more particularly described in this opinion. *48 Count 3 is on an account annexed. The defendant’s answer contains a general denial and an allegation of an accord and satisfaction.
There was evidence that the defendant was indebted to the plaintiffs in the sum of $401.91 and made an assignment for the benefit of creditors, to which the plaintiffs assented, and who received their proportionate share in the assets of the defendant amounting .to $153.93,. leaving a balance due as claimed by the plaintiffs in the sum of $247.98. However, simultaneously with the execution of the said assignment for the benefit of creditors, the defendant executed the following written agreement mentioned in Count 2 of the declaration:
“I, John Giambusso, of Dexter, County of Penobscot and State of Maine, in consideration of one dollar and other valuable considerations the receipt whereof is hereby acknowledged, from Crosby Brothers, through Elwin Crosby, one of the partners of the said Crosby Brothers, do hereby agree and undertake to save the said Crosby Brothers harmless in the matter of a debt now due and owing to them from me, and to pay to them any difference found to be due to them when the proportionate distribution of the assets, belonging to me, which have been transferred to one Bartolo M. Siciliano for the benefit of all my creditors to be sold and so distributed, takes place. If their bill is entirely paid by the distribution of the assets above set forth, then this instrument to be null and void, otherwise in full force and effect.
Dated at Dexter, Maine, this twenty-fifth day of August, A. D., 1947.
(s) JOHN GIAMBUSSO (seal)”
(s) B. M. Siciliano Witness
It appears that both documents were executed in the State of Maine. By the assignment, the assenting creditors agree *49 to receive their proportionate share of the defendant’s assets in full settlement of all their “respective debts, claims, demands, actions and causes of actions whatsoever ’ ’ and that upon payment or tender thereof, they “hereby release and forever discharge” the defendant and the trustee from their respective claims.
The court found that “except as must be inferred from” the above facts, “there was no evidence in the case of any fraud or concealment, by either of the parties” and found for the plaintiffs in the amount of $247.98, with interest, on Count 2 of the declaration.
The report states that if, on the above facts, the plaintiffs are entitled to recover on any of the three counts, the finding is to stand, otherwise, a new trial is to be ordered.
Since the documents were both executed in Maine, under the doctrine of lex loci contractus, or more particularly that of lex loci celebrationis, the case is to be decided under the law of that state. Carnegie v. Morrison, 2 Met. 381, 387; Universal Adjustment Corp. v. Midland Bank, 281 Mass. 303, 318; Thomas G. Jewett, Jr., Inc. v. Keystone Driller Co., 282 Mass. 469, 475; Lee v. N. Y. Life Insurance Co., 310 Mass. 370, 373; Searls v. Standard Accident Insurance Co., 316 Mass. 606, 608; Grass v. Jordan, 83 Maine, 380, 383.
The law of Maine relative to a contemporaneous agreement made by a debtor preferring one to several creditors, who assent to an assignment for the benefit of creditors, appears to have been settled in that state by the case of Merritt, Ex. v. Buckman, et al. Exors., 90 Maine, 146.
In that case, as in the case at bar, it did not appear ‘ ‘how or under what circumstances this agreement was signed and given to Merritt,” but the court thought “that it may be fairly inferred that it was a secret agreement, made to induce” the creditor “to assent to the assignment and without the knowledge of the other creditors. It was repugnant to *50 the terms of the indenture of assignment and was a fraud upon the other creditors. It is therefore void.”
As an authority for that decision, the Maine Supreme Judicial Court cited the Massachusetts case of Ramsdell v. Edgartown, 8 Met. 227.
In that last cited case, the Court held that, “If the memorandum could be considered as made before signing the assignment, then the obligation created by it would have been discharged by the general release contained in the assignment. But the true way is to consider them as made at the same time, and the one act as the inducement to the other ... It was a secret agreement, made at the time of the assignment, and repugnant to its terms. By the assignment, the creditor professed to unite with other creditors in discharging the common debtor, on receiving an equal distribution of his property. This was wholly counteracted by the secret agreement. It was an unwarrantable coercion upon the debtor, and a fraud upon the other creditors, and so was void.”
In Lothrop v. King, 8 Cush. 382, at 383, the Court held that the plaintiff ’s remedy was on the paper, but that because ‘ ‘ any private and separate agreement, made by one of several creditors who are parties to a composition deed, is a fraud on other parties, as well as an unwarrantable means of coercion, practiced on the debtor, and is void.”
In Howe, et al. v. Litchfield, et al., 3 Allen, 443, 444, the Court held that a note for an unpaid balance due a creditor, who had assented to an agreement of composition, given several weeks after the execution of the agreement of composition was void and that it would “be a mere evasion of the law on this subject to hold the note is valid. ”
Similar decisions were made in Harvey v. Hunt, 119 Mass. 279, at 283; in Blasdell v. Fowle, et al., 120 Mass. 447, at 448; and in Fay v. Fay, 121 Mass. 561, at 562.
*51 For decisions in other jurisdictions, see 27 L. R. A. (1895) 36, note III, and 50 L. R. A. N. S. (1914) 750, note VIII.
It follows therefore, that the plaintiffs are not entitled to recover on any of the three counts of their declaration, that the finding for the plaintiffs is to be vacated and, in accordance with the stipulation in the report, the case is to be remanded for a new trial.