## DAVID JOURDAIN vs. SAMUEL SHERMAN.

Where the attesting witness of a promissory note, payable to a person named or to bearer, becomes the holder, and brings an action on the note in the name of the payee, he cannot be allowed to testify to the execution of the note, or to prove the same within the exception of the statute of limitations (Rev. Sts. c. 120, § 4) as to witnessed notes, by evidence of the handwriting of the maker and of himself.

THIS was an action on a promissory note, dated on the 2d of October, 1837, and payable to the plaintiff, David Jourdain, or bearer, on demand, with interest. The action was commenced on the 16th of August, 1848, and was tried before Mellen, J., in the court of common pleas.

The defendant pleaded the general issue, and gave due notice that he should deny that he ever signed the note, and in his specification of defence, relied on the statute of limitations in bar of the action.

The plaintiff, to prevent the operation of the statute of limitations, relied upon the fact that the note was executed in the presence of, and subscribed by, an attesting witness.

It appeared, that the attesting witness was the holder of the note, and that the action was prosecuted by him, for his own benefit, in the name of Jourdain, the plaintiff. The defendant objected, that the witness was incompetent, and the plaintiff thereupon offered to prove the signatures of the defendant and of the attesting witness, by evidence of their handwriting.

The defendant objected to the evidence, as incompetent, but the presiding judge admitted it, and the plaintiff obtained a verdict. The defendant alleged exceptions.

*W. F. Slocum*, for the defendant.

*S. H. Allen*, for the plaintiff, cited *Powell* v. *Blackett*, 2 Esp.

97; *Cunliffe* v. *Sefton,* 2 East, 183; *Goss* v. *Tracy,* 1 P. Wms. 287, 289; *Union Bank* v. *Knapp,* 3 Pick. 96.

SHAW, C. J. The court are of opinion, that the evidence offered to prove the signatures, and to take the case out of the operation of the statute of limitations, by proving the handwriting of the maker of the note and of the witness, was not competent. The rule seems to be well settled, that if a necessary witness becomes interested by the act of the law, as by becoming executor or administrator, secondary evidence is admissible; but if he becomes interested by the act of the party calling him, and he is objected to on the ground of such interest, the party calling him cannot use secondary evidence, which the law regards as inferior evidence. 1 Greenl. Ev. §§ 167, 418. The rule, that where the interest is created by the party calling the witness, he is disqualified, is clearly and well stated, by Best, C. J., in the case of *Hovill* v. *Stephenson,* 5 Bing. 493; and the rule itself is recognized in the case of *Amherst Bank* v. *Root,* 2 Met. 522. But the reason, on which this is founded, applies *à fortiori* to proofs of the attestation of a note, to bring it within the exception in the statute, in favor of attested notes. The statute requires, as a condition, that the suit shall be brought in the name of the original payee. The obvious purpose is, to secure to the defendant the benefit of any equitable defence, arising out of the original making of the note, tending to render it null or invalid, in whole or in part, and also to secure to him the reasonable chance of having the testimony of a witness who was present at the transaction, to establish any facts favorable to such a defence. The party calling the witness can with no propriety complain, that he is deprived of the testimony of such witness, the disqualification being occasioned by his own act. It is not enough to say, in answer, that he is a mere nominal party; the statute makes him a necessary party, and no other person can maintain the action. If the attesting witness is the holder, he stands in the relation of the assignee of a chose in action, and must recover, if at all, in the name and upon the rights of the assignor. *Verdict set aside.*