ISAIAH L. HORTON *vs.* EDMUND BUFFINTON.

The owner of a wagon sold it on a Lord's day to one who resold it to a third person, who was ignorant that his vendor had bought it on a Lord's day. *Held*, that it was not liable to attachment in the hands of this buyer on a writ against the original owner.

REPLEVIN of a wagon. At the trial in the superior court, before *Wilkinson*, J., it appeared that Jarvis B. Horton, the original owner of the wagon, sold and delivered it to Charles A. Horton, who subsequently sold it to the plaintiff; and that, while in the plaintiff's hands, it was attached by the defendant, a deputy sheriff, on a writ against Jarvis B. Horton. There was evidence tending to show that the sale by Jarvis B. Horton to Charles A. Horton was on a Sunday.

The defendant requested the judge to instruct the jury that "if Jarvis B. Horton undertook to sell the property to Charles A. Horton on Sunday, then Charles A. Horton acquired no title to it by that transaction, and could impart no title to the plaintiff, when he undertook to sell it to him, which the latter could set up against an attaching creditor of Jarvis B. Horton." The judge declined to give the instruction prayed for, and instructed the jury that "if Charles A. Horton purchased the wagon on Sunday, and sold it to the plaintiff without informing him that it was purchased on Sunday, and the plaintiff was ignorant of that fact when he bought the wagon, and in no way participated in the transaction on Sunday, then he would acquire a title to the wagon by the sale from Charles A. Horton which he could set up against an attaching creditor of Jarvis B. Horton." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. Marston & G. E. Williams,* for the defendant. If Charles A. Horton attempted to purchase the wagon on Sunday, he had no title which he could transfer to the plaintiff ; and the fact that the owner had not reclaimed it would not prevent its attachment as his property. *Day* v. *McAllister,* 15 Gray, 433. *Ladd* v. *Rogers,* 11 Allen, 209. *Bradley* v. *Rea,* 14 Allen, 20. *Hazard* v. *Day,* Ib. 487. *Lunn* v. *Thornton,* 1 C. B. 379. 2 Kent Com. (6th ed.) 324.

*C. A. Reed,* for the plaintiff.

AMES, J. It is well settled that contracts made upon the Lord's day are illegal and cannot be enforced. It is equally well settled, however, that after such a contract has been executed and carried into full effect, the law will not aid a party, who has paid money or delivered property in pursuance of its terms, to reclaim what he has so parted with. The policy of the law is to leave the parties in all such cases without remedy against each other. The defence of illegality is allowed, "not as a protection to the defendant, but as a disability in the plaintiff." *Myers* v. *Meinrath,* 101 Mass. 366.

The case finds that the wagon in dispute, although it may be true that it was sold by Jarvis B. Horton on the Lord's day, was delivered to his brother, Charles A. Horton, was subsequently sold by the latter to the plaintiff, and was in the actual possession and use of the plaintiff at the time of the attachment by the defendant. In the absence of all evidence to the contrary, it may be assumed that the consideration of the first sale was paid. Under such circumstances it is difficult to see how the original vendor, Jarvis B. Horton, could have reclaimed it on the ground of any illegality in the contract of sale. The law would not aid him to undo what he had done. He could only impeach the sale by showing the illegality of his own act, which in the case of an executed and completed contract he certainly cannot do. This disability on his part to reclaim it would avail the party holding it, as a sufficient title. *Myers* v. *Meinrath, ubi supra.* It had ceased to be the original vendor's property, or liable for his debts, and therefore the attachment under which the defendant seeks to justify was wrongful. *King* v. *Green,* 6 Allen, 139. *Claridge*

**v.** *Hoare,* 14 Ves. 59.   *Way* v. *Foster,* 1 Allen, 408.   *Gregg* **v.** *Wyman,* 4 Cush. 322.   *Sampson* v. *Shaw,* 101 Mass. 145.

*Exceptions overruled.*