## BLASS _v_. ANDERSON.

## Opinion delivered April 8, 1893.

1. _Practice on appeal—General finding._

A general finding of fact having evidence to sustain it, without any declarations of law requested or made, will not be disturbed on appeal.

2. _Sale on Sunday—Valid if executed._

Though an executory contract of sale made on Sunday is illegal and not enforceable, yet where the contract is executed by delivery of possession, the title of the property sold passes, and the property is not thereafter subject, in the hands of the vendee, to attachment in favor of the vendor's creditors.

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

Gus Blass & Co. sued L. B. Anderson and J. S. Anderson upon an account for merchandise sold, and sued out an attachment on the ground that defendants had fraudulently disposed of their property. The attachment was levied upon a stock of goods. J. S. Anderson filed a separate answer, denying any liability to plaintiffs and asserting exclusive ownership of the goods seized under the attachment. He also controverted the grounds of attachment. L. B. Anderson filed no answer to the complaint, but controverted the grounds of attachment.

Plaintiffs' evidence tended to show, either that J. S. Anderson was doing business through his son, L. B. Anderson, as his agent, or that the two Andersons were partners. Upon either proposition the evidence was conflicting.

There was evidence from which it might have been found that J. S. Anderson, learning that suit would be instituted against his son, took a bill of sale of the goods to pay a debt to himself ; that an inventory of the goods was begun on Saturday night and completed on Sunday morning ; that on Sunday L. B. Anderson executed the bill of sale ; that on Monday morning J. S. Anderson, through a clerk, took possession of the property and held it until the levy of the execution.

The cause was tried by the court without a jury. The court found that the goods attached belonged to J. S. Anderson at the time the attachment was sued out, and that he was not indebted to plaintiffs ; that L. B. Anderson was indebted to plaintiffs in the sum sued for, but that the attachment was improperly sued out. Judgment was rendered discharging the attachment. Plaintiffs have appealed.

*Caruth & Erb* and *T. E. Webber* for appellants.

1. The pretended sale of the goods from son to father was clearly a fraud on creditors, and so intended. The transaction possesses every mark of deception and dishonesty. 91 U. S. 485; 8 Wall. 369; 43 Barb. (N. Y.), 456; 4 Pa. St. 128; 10 W. Va. 87; 14 *id*. 86; 2 Kent, Com. 440; 4 *id*. 462; 2 Cowp. 434; Wait, Fr. Conv. sec. 15. The transfer, even if for a valuable consideration, must be *bona fide*. Bump, Fr. Conv. 198; Wait, Fr. Conv. 201; 4 McCrary, 504.

2. A minor cannot dispose of all his property to his guardian to the injury of his other creditors. Bigelow, Fraud, vol. 1, p. 340; 64 Mo. 507; 60 *id* 174; 50 *id*. 24; 86 *id*. 75; 36 Miss. 190; 7 L. & M. 409; 101 Mass. 169; 9 Ves. 292; 16 La. An. 325; 2 Beav. 76.

3. An infant is liable for a fraud. 5 Hill (N. Y.), 391; 9 Vin. Abr. 415; 1 Vesey, 95; 4 Humph. 211; 2 Rich. Eq. 120; 9 Ga. 23; 1 Swan, 437. An infant can not take advantage of his own fraud. 2 Cox, 173; 2 Madd. 40; 1 De G. & Sm. 90.

4. The elder Anderson by his acts made himself liable as a partner.

*Dan W. Jones* for appellee.

1. The appellees were not partners. 44 Ark. 423; 8 H. L. C. 260; 54 Ark. 384. The elder Anderson did not hold himself out or permit himself to be held out as a partner; nor did Blass & Co. believe him or know him as such, and hence were not misled by any act of his. 1 Lindley on Part. pp. 42, 43; 22 Am. St.Rep. 753; 18 *id*. 282; 29 Ark. 512; 13 Gray (Mass.), 468; 58 N. Y. 257; 2 Har. & J. (Md.), 396.

2. Fraud in the sale is not shown. 39 Ark. 571. A debtor may prefer and secure a creditor by a voluntary sale to him of his property, although the preferred creditor knew that the debtor's object was to defeat

other creditors.   23 Ark. 258; 73 Mo. 74; 38 Pa. St. 446; 6 B. Mon. 608.

3.   The finding of the trial judge on the question of the attachment is conclusive.   55 Ark. 329, 331.

1. Practice as to general findings.

COCKRILL, C. J.   Whether J. S. Anderson was carrying on business through L. B. Anderson as his agent; or whether J. S. Anderson held himself out as a partner in business with L. B. Anderson, were questions of fact for the jury and not of law for the court.   A finding for the plaintiffs, Blass & Co., would have been sustained without hesitation.   But there was a general finding of fact in favor of J. S. Anderson, and there were no declarations of law requested or made.   The case stands as though a properly instructed jury had returned a verdict for the appellee.   We cannot say there is a failure of proof, because it is probable—that is, it is not altogether unreasonable—that every uncontradicted fact that points to J. S. Anderson's liability may be explained by reference to other facts or circumstances in proof.   The finding cannot be disturbed for want of evidence to sustain it.

2. Sale executed on Sunday valid.

If it be conceded that the contract of sale was consummated on Sunday, the appellant can derive no advantage from that fact.   If the property had been seized under the writ of attachment before possession was taken under the void contract of sale, the appellant's lien under the writ would have taken precedence of J. S. Anderson's claim of ownership.   *Shaul* v. *Harrington*, 54 Ark. 305.   But Anderson was in possession under the contract before the order of attachment issued and when it was levied.   His possession was good against his vendor.   It was therefore good as against the creditors of his vendor, unless they could show that the sale was fraudulent.   *Smith* v. *Bean*, 15 N. H. 577; *Smith* v. *Foster*, 41 *id.* 215; *Horton* v. *Buffinton*, 105 Mass. 399.

The fact that a sale is illegal, because against the prohibition of a statute, does not establish that it is fraudulent as to creditors. We cannot say that the proof establishes an incontestable case of fraud. The court's finding must therefore stand.

Affirm.