JACOB KRYZMINSKI *vs.* PATRICK J. CALLAHAN.

Hampden.     September 24, 1912. — January 2, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DECOURCY, JJ.

*Lord's Day. Agency. Practice, Civil,* Rulings and instructions.

The appointment on Sunday of an agent to execute on Monday a contract to sell certain land is void as the transaction of secular business on the Lord's day.

At the trial of an action for the alleged breach of a contract in writing to sell certain land to the plaintiff, where there is evidence that the only authority of the person who signed the contract as the agent of the defendant was derived from his appointment by the defendant on Sunday, but the defense of the Lord's day act is not pleaded, if the judge instructs the jury in regard to the effect of the Lord's day act upon the contract, he properly cannot refuse to instruct them that, if the authority of the alleged agent was given by the defendant on Sunday, the creation of such agency was void.

MORTON, J. This is an action of contract to recover damages for the breach of a written agreement dated September 19, 1910, and signed by one Lahey as the agent of the defendant, whereby

the defendant agreed to sell and the plaintiff to purchase on the terms therein specified, a certain parcel of land with the buildings thereon in the city of Chicopee. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the presiding judge * to give certain rulings that were requested and to a portion of the charge.

The agreement relied on was dated and executed on Monday. But there was evidence tending to show that there were negotiations between the parties in regard to a sale and purchase on Sunday and that Lahey was constituted the defendant's agent on that day and authorized by him to represent and act for him in the execution of a binding agreement on Monday. And the principal question in the case relates to the refusal of the presiding judge to instruct the jury, as requested in substance and effect by the defendant, that, if Lahey's authority to sign the agreement on Monday was given to him by Callahan on Sunday, the creation of such agency on Sunday constituted the transaction of secular business on the Lord's day,† and was void.

The Sunday law was not pleaded by the defendant, nor, if that is material, was the statute of frauds. But the defendant expressly denied that Lahey was his agent for the purpose of signing the written agreement.

The presiding judge instructed the jury, amongst other things, that if the contract was made on Sunday it was void and could not be ratified; but that if the parties "afterwards met in their minds, after Sunday, and either by expression or by conduct traded, the fact that they had had some talk upon Sunday, and the fact that the things they were proposing to do by way of conditions of contract afterwards appeared in the memorandum, doesn't vitiate the contract, because that was made, if you should so find, upon a secular or week day." He further instructed them, "If you should find that the contract took place upon a week day, it is a good contract. If you should find that it took place upon a Sunday, it is a void contract. And in that view of the law it becomes to my mind immaterial, in view of the defendant's attitude in not setting up this statute, [meaning the statute of frauds] whether or not Lahey was authorized on a Sunday or not to

---

* *Hall,* J.

† R. L. c. 98, § 2, in this respect unchanged.

make the memorandum. If the contract was executed on a Sunday, it is void; if it was executed on a week day, it is good. And if Lahey was authorized by this defendant to sign that contract, and you find that the contract was made upon a week day, the defendant is silent with respect to the sufficiency of the memorandum. He doesn't plead it at all." Again in speaking of Lahey he said that, "If Lahey was the authorized agent of Callahan and made Callahan's trade, he had a perfect right to sign this paper on behalf of Callahan."

The action as already observed is to recover damages for breach of the written agreement. The agreement was signed not by the defendant himself, but by Lahey as his agent, and its validity depended upon Lahey's authority to sign for and on behalf of the defendant. The appointment by Callahan on Sunday of Lahey as his agent constituted the transaction of secular business on the Lord's day, and as such was void. *Clough* v. *Davis*, 9 N. H. 500. *Davis* v. *Barger*, 57 Ind. 54. *Saltmarsh* v. *Tuthill*, 13 Ala. 390, 403, 406. If, therefore, the only authority which Lahey had to sign the agreement for and on behalf of the defendant was that derived from his appointment by the defendant as his agent on Sunday, the authority was of no effect, and anything done pursuant to it would also be of no effect, and the jury should have been so instructed. Whether there was anything in the conduct of the defendant on and after Monday from which authority to Lahey to sign the agreement for and on behalf of the defendant or an adoption of the agreement could be inferred, would present a different question and one which was not considered, and which we do not pass upon. *O'Brien* v. *Shea*, 208 Mass. 528. The rulings requested were not refused on the ground that the Sunday law was not pleaded. On the contrary, the presiding judge went on, as we have seen, to instruct the jury as to the effect of the Sunday law, though not required to do so by the pleadings. Having undertaken to deal with the matter and having had his attention especially called to the effect of the Sunday law in regard to the matter of agency he was bound to instruct the jury in relation thereto.

*Exceptions sustained.*

M. L. *Welcker*, for the defendant.
T. A. *McDonnell*, for the plaintiff, submitted a brief.