ALBERT K. MANN *vs.* UNITED MOTOR BOSTON COMPANY.

Suffolk.    January 15, 1917. — May 22, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Lord's Day.  Contract,* Validity.  *Attorney at Law.    Agency.    Practice, Civil,*
Report by judge, Stipulation.

The well established doctrine, that one who has paid money or delivered property in
pursuance of a contract made on Sunday cannot recover back what he has
parted with, does not operate against an innocent purchaser from him for value
who had no notice of the invalid transaction.

In an action of replevin to recover possession of a motor car it appeared that the
plaintiff bought the motor car from one who acquired it in a transaction that
took place wholly on Sunday, but that the plaintiff was an innocent purchaser
for value who had no knowledge of this transaction.    It also appeared that the
plaintiff's attorney employed by him to bring the action of replevin previously had
acted as attorney for the seller of the car and in that way knew of the trans-
action by which the seller had acquired it from the defendant on Sunday, but
that his employment by the seller had terminated before he was employed by
the plaintiff.  *Held,* that the secret knowledge of the plaintiff's attorney concern-
ing the illegality of the original transaction could not be imputed to the plaintiff
and in no way affected his right to take possession of the motor car.

In the same case it was *held* that on the evidence presented it was a question of fact
for the jury, whether the plaintiff was an innocent purchaser for value or whether
he had knowledge of the illegality of the original transaction and was acting for
the seller in taking title to the motor car and in bringing the action of replevin
to obtain possession of it.

In the case stated above the presiding judge, who should have submitted the case
to the jury, ordered a verdict for the defendant and reported the case for deter-
mination by this court, with a stipulation that, if the ruling was right, the plain-
tiff was to pay to the defendant $800, and that, if the ruling was wrong, the
defendant was to pay to the plaintiff his taxable costs.    It was apparent that the
stipulation was entered into by the parties and adopted by the judge in his report
with the understanding that the ruling made would be decisive of the case, but,
as this court decided that the case must be submitted to a jury to determine
whether the plaintiff bought the car for a valuable consideration in good faith
and without knowledge of the Sunday transaction, it was *ordered* that the
stipulation be set aside and that the case should stand for a new trial.

REPLEVIN for the possession of a motor car known as a Colum-
bia touring car, which was bought by the plaintiff from one Hixon.
Writ dated March 12, 1912.

In the Superior Court the case was tried before *Brown,* J.    At

the close of the evidence, which is described in the opinion, the judge ordered a verdict for the defendant and reported the case for determination by this court, with a stipulation which is quoted in the opinion.

*W. F. Porter*, for the plaintiff.

*J. M. Hoy*, for the defendant.

CROSBY, J. This is an action of replevin. It is before us on a report made by a judge of the Superior Court, who ruled that the action could not be maintained and directed a verdict for the defendant.

The facts in the case are as follows: One Hixon, who was the owner of a Regal motor car, entered into an agreement to exchange it for a Columbia motor car owned by the defendant. Hixon also agreed to pay the defendant the sum of $1,000 as a part of the bargain and delivered to it a check for that amount. The contract was made and fully completed on Sunday, September 3, 1911. Soon afterwards, Hixon notified the defendant that he was not satisfied with the car which he had received and would not accept it and requested that the Regal car be returned to him. He was informed by the defendant that the Regal car had been sold. Hixon stopped payment on the check and the defendant brought an action thereon against him and attached the motor car. In that action Hixon pleaded, among other defences, that the check was delivered on Sunday and was therefore illegal. Afterwards, on March 9, 1912, the action was discontinued and the attachment released.

There was evidence to show that Hixon sold the Columbia car to the plaintiff and delivered to him a bill of sale thereof; and on the same day the plaintiff instructed one Holsberg, an attorney, to take possession of the car and deliver it to him (the plaintiff). There also was evidence that Holsberg took possession of the car, as the agent of the plaintiff, and afterwards left it temporarily unattended; and that the defendant obtained possession of it and refused to deliver it to Holsberg or to the plaintiff.

It is not disputed that the transaction between Hixon and the defendant, having taken place on Sunday, was illegal and could not afterward be ratified by either of them. *Hindenlang* v. *Mahon*, 225 Mass. 445. Nor is there any evidence that the illegal contract was ever adopted on a secular day. *Miles* v. *Janvrin*, 200 Mass. 514. It

is well settled that the law will not aid either party to an illegal contract to enforce it against the other. After such a contract has been executed and carried into effect, a party thereto, who has paid money or delivered property in pursuance of its terms, cannot recover back what he has parted with. *Atwood* v. *Fisk,* 101 Mass. 363. *Myers* v. *Meinrath,* 101 Mass. 366.

This well established doctrine, however, is not to be invoked against an innocent purchaser for value without notice of the illegal transaction. In the case of *Horton* v. *Buffinton,* 105 Mass. 399, which was an action of replevin, a vendor sold a wagon on Sunday to one who resold it to a third person who was ignorant that his vendor had bought it on Sunday. It was held that the wagon was not liable to attachment while in the possession of the last purchaser, upon a writ against the original owner. In that case, this court said at page 400: "He [the original owner] could only impeach the sale by showing the illegality of his own act, which in the case of an executed and completed contract he certainly cannot do. This disability on his part to reclaim it would avail the party holding it, as a sufficient title. *Myers* v. *Meinrath, ubi supra.* It had ceased to be the original vendor's property, or liable for his debts, and therefore the attachment under which the defendant seeks to justify was wrongful." The ground on which a party to a transaction which takes place on Sunday is denied a remedy is because of the doctrine of *ex turpi causa non oritur actio. Cranson* v. *Goss,* 107 Mass. 439. See also *Pelosi* v. *Bugbee,* 217 Mass. 579.

It is a general rule that notice to an agent of facts affecting the nature and character of a transaction is constructive notice to the principal, and it is the contention of the defendant that this rule applies to the case at bar and will prevent a recovery by the plaintiff. *Suit* v. *Woodhall,* 113 Mass. 391. *National Security Bank* v. *Cushman,* 121 Mass. 490. There was evidence that Holsberg learned of the illegality of the original transaction between the defendant and Hixon while he was acting as attorney for the latter and before he was employed by the plaintiff; and that he was retained by the plaintiff after his employment by Hixon had terminated. The jury could have found that the only authority which Holsberg had from the plaintiff was to obtain possession of the motor car. Under these circumstances, the secret knowledge

of the agent concerning the illegality of the original transaction in no way could affect the physical act of taking possession of the property, and such knowledge of the agent properly could not be imputed to the principal.

It could not have been ruled as matter of law that the plaintiff was privy to the illegal contract arising from the fact that it was entered into on Sunday. It was a question of fact for the jury on the evidence, whether the plaintiff was an innocent purchaser for value or whether he had knowledge of the illegality of the original transaction and took title to the motor car and brought the action of replevin to obtain possession of it for Hixon.

While the judge was wrong in directing a verdict for the defendant, it does not follow that judgment should be entered for the plaintiff. A stipulation made by the parties is incorporated in the report made by the judge. The report recites: "I directed a verdict for the defendant and now report the case to the full court upon the following terms: If my ruling is correct the plaintiff is to pay the defendant eight hundred dollars ($800) forthwith without any further costs, otherwise execution to issue against the principal and sureties upon the bond in the sum of eight hundred Dollars ($800) without costs, no suit upon the bond to recover same to be required and no set off against the defendant on account of value of Regal car to be made and no claim of any kind to be made against said Hixon, either at law, equity, contract or tort on account of said Regal car. The sureties on the bond agree to this stipulation. If my ruling is wrong, the defendant to pay the plaintiff his taxable costs without prejudice to the rights of the said defendant or the said William E. Hixon, if any, against each other or any other person."

It is plainly apparent that the stipulation was entered into by the parties and adopted by the judge in his report upon the understanding that the ruling made would be decisive of the case; but, as it must be submitted to a jury to determine whether the plaintiff, without knowledge of the Sunday transaction, in good faith and for a valuable consideration purchased the motor car of Hixon, the stipulation is not to be construed in effect as an agreement for judgment for the plaintiff. As the ruling was wrong by reason of the misapprehension, the stipulation is set aside and the case is

to stand for a new trial in the Superior Court. *Old Colony Railroad v. Wilder,* 137 Mass. 536. *Phelps* v. *Phelps,* 145 Mass. 416. *Gallagher* v. *Hathaway Manuf. Corp.* 169 Mass. 578. *Delano* v. *Smith,* 206 Mass. 365, 372. *Rubenstein* v. *Lottow,* 220 Mass. 156. See *De Veer* v. *Pierson,* 222 Mass. 167.

*So ordered.*