Parker, J.
The first three paragraphs of the Decision by the Trial Justice, as set forth on Page 4 of the Eeport, *198 present a brief and accurate statement of this case, and are as follows:
“This is an action of contract, the plaintiff seeking to recover commission on a sale of real estate. The defendant’s answer is a general denial and claim of payment, and further allegation that if there was a contract, such contract was made on Sunday, and therefore the plaintiff cannot recover.
The plaintiff’s evidence was in substance that on October 31, 1937, which was on a Sunday, the plaintiff took one Craig to the defendant’s house, and introduced Craig to the defendant; that at that time the plaintiff made known that he was a real estate broker, and that the defendant said that he would pay a commission if the house was sold to the person brought by the plaintiff; that the defendant’s house was inspected at that time by the prospective purchaser, and that the price of the property was given to the prospective purchaser at $5500.00, but the plaintiff thought it could be bought for less; nothing further was done on this date. The evidence further tended to show that a week later Craig, the prospective buyer, again went to the defendant and again looked at the property, and that later, during the week of November 7, 1937, the defendant and Craig completed the arrangements for the sale of the property, and that the' property on November 14, 1937 was sold and conveyed to Craig and Craig’s wife; that at these conferences the plaintiff was not present; nor had he any knowledge of the conferences. The witness Craig testified that he had previously known that the defendant’s house was for sale, and that he. had been the one to suggest to the plaintiff that they go and see the defendant’s house on October 31. In cross-examination the witness Craig was asked the following-question: ‘Is there an agreement between you and the defendant to the effect that if the defendant is held liable for commission in this action, you will reimburse him for any judgment which may be found against him?’ The defendant objected to the admission of this, question. The question was admitted, and the defendant duly excepted and claimed a report. The witness’1 answer was ‘Yes.’
*199 _ Upon all the evidence I find that there was somé preliminary discussion between the plaintiff and the defendant on October 31, 1937. I find that the witness Craig went to the house of the defendant at a later date, and with a purpose to deprive the plaintiff of his commission, entered into an agreement with the defendant to purchase the property at a lesser price than the defendant would have been willing to sell it if a commission was to be paid. I find that there was an agreement on the part of the buyer to reimburse and save harmless the defendant against any judgment arising from a suit by this plaintiff. I find that there was an implied contract on the part of the defendant to pay to the plaintiff the customary commission if the house was sold to Craig. I find that the property was sold to Craig at the price of $5000.00. For reasons given, I find for the plaintiff in the amount of $150.00.”
At the close of the evidence and before final argument, the defendant made fifteen (15) requests for rulings, of which rulings the Trial Justice allowed only #3, #10, #11, #12 and #13. Although requests #1, #2, #4, #5, #6, #7, ,#8, #9, #14, and #15 were disallowed, the defendant in his brief insists only that #5 and #7 should have been allowed. These requests read as follows:
#5. The plaintiff must establish by a fair preponderance of the evidence that a valid, binding contract was made between the plaintiff and defendant on a day other than October 31, 1937.
,#7. If the Court finds that the only negotiations which took place between the plaintiff and the defendant took place on October 31,1937, then the plaintiff cannot recover.
The defendant also argues that the Trial Judge was wrong in his finding that “there was an implied contract on the part of the defendant.” He further contends that the admission by the Trial Judge, over the objection of the defendant, of evidence of the witness Craig having an agreement to indemnify the defendant was “wholly inadmissible *200 on the question of whether the plaintiff and defendant had entered into a contract. ’ ’
The determination of this case revolves about the question: Was the contract between the plaintiff and the defendant completed upon a Sunday; or was the admitted oral arrangement with reference to any sale of the property by the plaintiff as agent for the defendant merely preliminary to a contract to be completed upon a later, secular date? It is freely admitted by all parties hereto that whatever the contract was between the plaintiff and the defendant, it was begun upon a Sunday. If it was not only begun but was also completed upon a Sunday, it was not a legal contract.
It is admitted by all of the parties hereto that the plaintiff had no further dealings of any kind with the defendant, as his principal, or with the prospect and purchaser, Craig, other than that which took place on the aforesaid Sunday. The plaintiff contends, in which contention he is supported by the decision of the Trial Court, that the later conduct of the defendant and Craig, in which Craig and the defendant conferred by themselves and made arrangements for a deed at the price of $5000., with Craig liable for whatever commission the plaintiff might recover, was an implied contract, which completed the original, oral agreement made on a Sunday, and thereby the contract became legally binding. The fact that the defendant and Craig agreed between themselves that the defendant should not be responsible for any possible commission to be recovered by the plaintiff, would place the defendant and Craig in an unfavorable position, except for the additional fact that $500. was dropped from the purchase price received by the defendant. If the defendant had to pay in addition thereto a commission, he would have depleted the original suggested purchase price of another $150.. We can find no fault with the Trial *201 Judge for admitting the evidence with reference to- the private arrangement between the defendant and Craig as to a possible commission; although upon our view of the entire case it can have no real bearing.
The weight that the Trial Judge, in his decision, has given to what he terms “an implied contract” does not seem to us to be justified. To quote the Restatement of the Law of Contracts, Volume 1, Page 7:
“Contracts are often spoken of as express or implied. The distinction involves, however, no difference in legal effect, but lies merely in the mode of manifesting assent.”
If the plaintiff had conferred with either the defendant or Craig in regard to the subject matter or terms of sale before the sale was made, or if he had communicated by writing with either party, the situation possibly might be somewhat different; but it is freely acknowledged that all that the plaintiff did in reference to the entire affair took place upon a Sunday, at which time he became an agent for the defendant, learned the terms of sale and told the prospect, Craig, that he thought a better price than $5500. could be obtained. However, he made no effort to co-operate in the sale, and as an interesting, preliminary detail was really brought into the entire transaction by the suggestion of Craig himself. The case of Kryzminski vs. Callahan, 213 Mass. 207, is an action dealing with the sale of real estate in which the facts closely resemble those of the present case. To quote the syllabus #1:
“The appointment on Sunday of an agent to execute on Monday a contract to sell certain land is void as the transaction of secular business on the Lord’s day.”
Under the decision of the said case, it would have been necessary for the plaintiff to have had some further personal dealings with the defendant on a secular day with re *202 spect to authorization and sale, if there was to be a legal contract.
We make no special statement with reference to requests for rulings #1, ,#2, #4, #6, #8, .#9, #14 and #15. Wo do not consider them of importance in rendering this decision ; they are sufficiently covered by what we have stated herein; none of them are argued in the defendant’s brief. The opinion in Stevens vs. Wood, 127 Mass. 123, is pertinent to the instant case.
The record before us discloses prejudicial error; the finding for the plaintiff is vacated and judgment for the defendant will be entered.