FRANCIS E. RYAN *vs.* JOSEPH E. GILBERT & others.

Middlesex. November 4, 6, 1946.— January 30, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Frauds, Statute of. Lord's Day. Contract,* Validity. *Sale,* Statute of frauds, Acceptance, Payment of price. *Payment.*

The statute of frauds, G. L. (Ter. Ed.) c. 106, § 6 (1), made unenforceable an oral agreement for the sale of the capital stock of a corporation for more than $500, made with intent to adopt the terms of a previous contract in writing which was invalid under G. L. (Ter. Ed.) c. 136, § 5, because executed on the Lord's day; temporary possession by the vendee on the Lord's day of keys to the corporation's place of business was not an acceptance and actual receipt within the statute; nor was retention by the vendor of a sum of money, which had been paid by the vendee on the Lord's day under the purported contract in writing and which the parties recognized as a payment on account when making the oral contract, a "part payment" on the oral contract within the statute.

BILL IN EQUITY, filed in the Superior Court on June 20, 1945.

The suit was heard by *Cabot*, J.

*R. S. Bowers,* (*E. F. Endicott & R. I. Moses* with him,) for the plaintiff.

*G. V. Slade,* (*E. M. Murray* with him,) for the defendants.

QUA, J. This is a bill for specific performance of an alleged oral agreement entered into on or about April 18, 1945, between the defendants through their agent and the plaintiff through one Delverde as his agent, whereby the defendants agreed to sell to the plaintiff, and the plaintiff agreed to buy, the entire capital stock of a corporation which operated a package store in Dedham. The trial judge made findings of fact and dismissed the bill. The plaintiff appealed. The evidence is reported.

It appears that prior to the making of the alleged oral agreement a written agreement for the sale and purchase of the stock had been signed by the defendants' agent and by Delverde, but this had been executed on April 8, which was a Sunday. The written contract was therefore invalid by reason of G. L. (Ter. Ed.) c. 136, § 5. On that same Sunday the plaintiff's agent paid the defendants' agent $1,000 on account of the purchase price. The judge justifiably found, however, that thereafter the parties, on secular days, orally agreed that the written agreement should be modified by increasing by $2,000 the balance of the payment to be made in cash under the terms of the written agreement and by securing the remainder of the purchase price by putting the stock in escrow instead of by a mortgage upon the liquors as had been provided in the written agreement, and that they did other things "tending to show that they intended to adopt the written agreement," so that, as the judge found, on or about April 18 there existed an oral agreement between the parties the terms of which were those of the written agreement modified as hereinbefore stated. Presumably this was the oral agreement upon which the bill was intended to be based.

But it was an oral agreement and nothing more. There was no way in which the parties could ratify or adopt the

illegal written agreement by parol and have it still retain its character as a written agreement, as the plaintiff seems to argue could be done, to say nothing of the material modifications that had been made in its terms. *Day* v. *McAllister,* 15 Gray, 433. *Bradley* v. *Rea,* 14 Allen, 20, 22. *Stewart* v. *Thayer,* 168 Mass. 519, 520. *Skinner Irrigation Co.* v. *Burke,* 231 Mass. 555, 556–557. Williston on Contracts (Rev. ed.) § 1707. Restatement: Contracts, § 539. There was never any memorandum in writing stating the terms of this oral agreement. G. L. (Ter. Ed.) c. 106, § 6 (1). *Webster* v. *Condon,* 248 Mass. 269, 271. *Dutton* v. *Bennett,* 256 Mass. 397, 403. Since the agreement was entirely oral and was for the sale of "goods or choses in action of the value of five hundred dollars or more," and there was no memorandum of it in writing, the agreement was not enforceable by action unless the buyer accepted part of the goods or choses in action "so contracted to be sold, or sold," and actually received the same, or gave something in earnest to bind the contract, or in part payment. § 6 (1). See *Lampasona* v. *Capriotti,* 296 Mass. 34, 38.

The plaintiff contends that he accepted and actually received part of the goods because on Sunday, April 22, while representatives of the parties were taking an inventory of the stock of liquors at the store, one of the defendants handed over the keys of the store to a representative of the plaintiff with the intention that the plaintiff should take over the premises and open the store the next morning. But about two hours later, while the representatives of the parties were still present in the store, the defendant who had handed over the keys, having talked over the telephone with another of the defendants, requested that the keys be returned, and this was done. It is very questionable whether this key episode constituted an actual receipt of anything which was the subject of the sale. The primary subject of the sale was the stock of the corporation, although the written agreement did contain some terms which would be appropriate if the stock of liquors was also regarded as a subject of sale; and it certainly is questionable whether the merely temporary holding of the keys for a short period

while representatives of the defendants remained present, and when the plaintiff never acquired by reason of the keys any independent control of the liquors, constituted an actual receipt of the stock of liquors or was at most only preparatory to receiving them when the inventory should be completed and the doors locked. See *Snow* v. *Warner*, 10 Met. 132, 137–138; *Knight* v. *Mann*, 118 Mass. 143; *Safford* v. *McDonough*, 120 Mass. 290; *Remick* v. *Sandford*, 120 Mass. 309, 316; *Rodgers* v. *Jones*, 129 Mass. 420; Williston on Contracts (Rev. ed.) § 559. But, apart from these considerations, a receipt of part of the goods on Sunday, April 22, when the inventory was taken and the key episode occurred, would be the doing of "business or work" in violation of the Lord's day statute, G. L. (Ter. Ed.) c. 136, § 5. *Moseley* v. *Hatch*, 108 Mass. 517. *Commonwealth* v. *De Voe*, 159 Mass. 101. *Kryzminski* v. *Callahan*, 213 Mass. 207. The plaintiff cannot succeed through reliance upon such an unlawful act as a link in the chain of evidence necessary to sustain his case. *Clapp* v. *Hale*, 112 Mass. 368. *Stevens* v. *Wood*, 127 Mass. 123. *Horn* v. *Dorchester Mutual Fire Ins. Co.* 199 Mass. 534, 539. *Bauer* v. *Bond & Goodwin Inc.* 285 Mass. 117, 119.

The plaintiff seeks to take the case out of the statute of frauds on the further ground that the $1,000 paid to the defendants on April 8 was "part payment." He contends that the payment was "adopted" when the new oral agreement was made. Although doubtless the parties, when they made the oral agreement, still thought that $1,000 had been paid on account, we do not see how that payment can be given effect as a part payment to take the oral agreement out of the statute. The $1,000 was not paid upon the oral agreement upon which suit is brought, but was paid upon the invalid written agreement before any oral agreement was even contemplated. That payment had no tendency to establish that the oral agreement was made. It has been said to be "elementary that payments which take a contract out of the statute of frauds must be those made upon the contract, or in part payment of the consideration expressed therein." *Burwell* v. *American Coke & Chemical Co.* 7 Fed.

(2) 435, 440. See *Obear-Nester Glass Co.* v. *Lax & Shaw, Ltd.* 11 Fed. (2d) 240, 244; *Roberts* v. *Williams*, 6 Wash. (2d) 599 (where, however, the payment was to become effective concurrently with the making of the contract); Williston on Contracts (Rev. ed.) § 566, note 1, § 599, at page 1718; Annotation in 131 Am. L. R. 1252. Compare *Marsh* v. *Hyde*, 3 Gray, 331. Moreover, the $1,000 was paid on Sunday, and the payment was an illegal act upon which the plaintiff can base no rights for reasons already stated. And see *Merriam* v. *Stearns*, 10 Cush. 257. The parties could not "adopt" the illegal payment for reasons similar to those which prevented the adoption of the illegal agreement. A new payment would be required. When the oral agreement upon which the suit is brought was made, the $1,000 was already in the hands of the defendants. The plaintiff, having paid it illegally and on an illegal contract, could not recover it back, even if the defendants should refuse to sell the stock. *Clapp* v. *Hale*, 112 Mass. 368, 371. *Mann* v. *United Motor Boston Co.* 226 Mass. 495, 497. Williston on Contracts (Rev. ed.) § 1703. The plaintiff no longer had any legal interest in the money and therefore could not apply that money in the defendants' hands as a payment on the oral agreement. No doubt in settling the terms of their new oral agreement the parties could recognize that a previous payment had been made, and could adjust the terms of the oral agreement accordingly, but we cannot think that such recognition as a very term of the oral agreement itself would constitute the kind of overt act required for part payment under the statute of frauds.

The statute is a defence to the suit.

*Decree affirmed with costs of appeal.*