Parker, J.
This is an action of contract in which the plaintiff seeks to recover $200.00, paid as a deposit in connection with the purchase of real estate.
The defendant pleaded general denial and payment. The defendant subsequently amended his answer by adding thereto that if the contract under which the plaintiff made a deposit of $200.00 was executed on a Sunday, then the plaintiff cannot recover by reason of illegality. The amendment was duly allowed before trial, the plaintiff assenting to its allowance in open court.
At the trial there was evidence tending to show that on September 15, 1946, the plaintiff had a conversation with Attorney Lawrence H. Fisher with reference to the purchase of a house at No. 31 Vassar Street in Worcester, Massachusetts. It was agreed by the attorneys for both the plaintiff and the defendant, that September 15, 1946 fell on a Sunday. It was further stated in open court by the attorney for the defendant that Attorney Fisher was duly authorized to act for the defendant and that he had *2 authority to make a contract, accept a deposit and give a receipt and memorandum.
As a result of the talk, having seen the property on a previous occasion, the plaintiff orally agreed to purchase the said property for $13,800.00. A deposit of $200.00 was made by the plaintiff at the same time, that is, on Sunday, September 15, 1946. This deposit was made by a check which was executed and delivered on Sunday, but was dated the following day. The parties signed and exchanged memoranda on September 15, 1946, setting out the description of the property, the price and the terms. The next day or within a few days thereafter, the agent for the defendant delivered the keys to the property to the plaintiff. The plaintiff then proceeded to start painting the closets in the property. About two or three weeks later, the plaintiff informed the defendant’s agent that he would not go through with the deal, and demanded the return of his deposit in the amount of $200.00. The money was not returned.
The defendant testified that he was at all times ready, willing and able to comply with the agreement to sell.
At the close of the trial and before final arguments, the defendant made the following requests for rulings:
“ (1) If the Court finds that the contract for the sale of real estate here involved was executed or consummated on Sunday, then the plaintiff cannot recover a deposit made by him in connection with the said contract. (2) A contract which is illegal will be neither enforced nor will relief from its consequences be granted.”
The Court failed to act upon the defendant’s requests for rulings; made no special findings of fact but found for the plaintiff for $200.00.
*3 This suit is concerned with the familiar subject of Sunday contracts, and also with that of valid consideration. While the Trial Judge ignored the two requests for rulings made by the defendant, the fact that he found for the plaintiff was an implied denial of said requests. Bankoff v. Coleman Bros., Inc., 302 Mass. 122 at 123.
The law is well established in this Commonwealth that a contract made on Sunday is illegal and cannot be enforced ; neither will the law lend its aid to either party to relieve him from the consequences of the illegal contract or to rescind it. “The policy of the law is to leave the parties in all such cases without remedy against each other. The defence of illegality is allowed not as a protection to the defendant, but as a disability in the plaintiff.” Horton v. Buffinton, 105 Mass. 399 at 400; Huckins v. Hunt, 138 Mass. 366. The only exception is in the situation where a third person becomes a party by purchase or otherwise, without any knowledge or information that a Sunday contract is involved. For instance in the case of Mann v. United Motor Boston Co., 226 Mass. 495, an agreement for the sale and transfer of a motor car occurred on Sunday, but the third party who purchased the automobile from one who acquired it in the Sunday transaction was uninformed and secured a doubtful title through no fault of his own. In such a case, the innocent party will have his legal recourse. In Mann v. United Motor Boston Co., supra, the Court makes the following statements with reference to illegal contracts: “It is well settled that the law will not aid either party to an illegal contract to enforce it against the other. After such a contract has been executed and carried into effect, a party thereto, who has paid money or delivered property in pursuance of its terms, cannot recover back what he has parted with. ’ ’
In Ryan v. Gilbert, 320 Mass. 682, where payment on account of the purchase price of corporate stock was made *4 on Sunday, it was held that the payment was illegal and buyer could not recover it back, even if seller should refuse to sell the stock. See Restatement of the Law on Contracts, § 538, and Pocket Supplement thereto, § 538: ‘ ‘ Although a conveyance for consideration, if completely executed on Sunday on one or both sides is illegal, the law leaves the parties where it finds them, because neither could maintain an action without showing his participation in the illegality.” Myers v. Meinrath, 101 Mass. 366; Horton v. Buffinton, supra; Mann v. United Motor Boston Co., supra.
We do not feel that the subject of a valid consideration has any standing in the instant case, for the reason that it it is acknowledged that both the plaintiff and the defendant were parties to the illegal contract.
We find prejudicial error on the part of the Trial Judge in the denial of the defendant’s two requests for rulings. We therefore order that the finding for the plaintiff be vacated; and that judgment be entered for the defendant.