JOHN F. MURPHY *vs.* FRANK CHICHETTO.

Suffolk.     November 5, 1947. — June 4, 1948.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract,* What constitutes. *Sale,* Contract of sale. *Bills and Notes,* Consideration. *Witness,* Expert witness.

Evidence warranted a finding that the parties to an oral agreement of sale, partly performed, intended to be bound thereby and that an agreement in writing, contemplated by them but never executed, was intended to be merely a convenient memorial of the terms of the oral agreement.

A finding that a check was issued for valuable consideration was warranted by evidence that it was delivered to the plaintiff by the defendant as part payment under an oral agreement between the parties for purchase by the defendant of all the shares of a corporation conducting

a store and that, pursuant to the agreement, the plaintiff two days later delivered and the defendant took possession of the store.

No error appeared in refusal by a trial judge to accept as an expert to testify as to the value of a business one who had been in possession thereof but two days.

CONTRACT. Writ in the Superior Court dated May 14, 1945.

The action was tried before *Warner*, J.

*J. H. F. Calver*, (*J. J. O'Neill* with him,) for the defendant.

*J. B. Sullivan*, for the plaintiff.

DOLAN, J. This action of contract is brought to recover the amount of a check ($2,000) drawn by the defendant to the order of the plaintiff. Before presentation of the check, payment thereof was stopped by the defendant. The defendant's answer contains a general denial and allegations that the check had been given to the plaintiff on conditions that he had not met and that therefore the defendant was justified in stopping payment of the check. The pre-trial order contains the following recital: "The defendant admits that the signature on the check, copy of which is annexed to the declaration, marked A, is his signature, and that the check was given as a deposit at the time an oral agreement was entered into between the plaintiff and the defendant for the defendant to purchase and the plaintiff to sell all shares of stock in the Manhattan Beef Co., Inc. Payment on the check was stopped by the defendant." The case was tried to a jury, and at the close of the evidence each of the parties filed a motion for a directed verdict in his favor, which the judge denied. The jury returned a verdict for the plaintiff in the face amount of the check. The case comes before us on the defendant's exceptions to the denial of his motion for a directed verdict and to the exclusion of certain proffered evidence.

The jury could have found the following facts: The plaintiff was the president of the Manhattan Beef Company, Inc., a Massachusetts corporation, and owned forty-eight of the fifty shares of its capital stock. The corporation conducted a provision and package liquor store. One Brennan and one McClellan each owned one share of stock

of the corporation. In the early part of April, 1945, a meeting of the stockholders was held and it was decided to sell the business. Each share of stock held by Brennan and McClellan was indorsed by the holder in blank. The plaintiff consulted a business broker who introduced the defendant to him on April 24, 1945. On or about April 26, 1945, the defendant accompanied by the broker went to the store conducted by the corporation and met the plaintiff, and they "talked back and forth about the price." They had a further talk about the matter at the home of the plaintiff during the evening of that day. The plaintiff then offered to sell the business, including a truck and "everything pertaining to the business," for $23,000, the defendant to pay the broker's fee. The defendant said "It's a go," and "to bind it" gave the plaintiff a check for $2,000 (that here involved). The plaintiff then signed a receipt for the check, the purport of which "was that in view of the two thousand dollars ($2,000) check, the balance was to be paid later, and that . . . [the plaintiff] was responsible for all bills up to and including April 28, . . . and then . . . [the defendant] would take over. The defendant then came into the store on . . . April 28 and stayed there until closing time." At that time the plaintiff turned the keys over to the defendant and he took over the business. The shares of stock of the corporation were not delivered to the defendant. [1] There had been some talk between the parties about the execution of a written contract for the sale of the business, and one was prepared under date of April 27, 1945, and was signed by the plaintiff on May 2, 1945, but the defendant refused to sign it. However, there was evidence that "it wasn't when the contract was signed that the deal was to go through because the parties had already made the agreement," and that "the parties said they didn't need to sign the agreement, they would go through with it anyway."

It is the contention of the plaintiff that the check was issued for a valuable consideration, that it was given in

---

[1] See *Pybus* v. *Grasso*, 317 Mass. 716, 720.

part payment of the sale price, and that he is entitled to collect the amount of the check because of the defendant's default.   The defendant on the other hand contends that the consideration for the check was the execution of an approved agreement in writing for purchase and sale of the business, that such an agreement was never executed by him, and that therefore the consideration for the issuance of the check failed.   The jury, however, as pointed out above, could have found that the parties had agreed orally upon all the material terms of the contract, and that all that was intended by them as to the proposed agreement in writing was that it was to be merely a convenient memorial of the terms of their prior agreement.   That was not necessarily inconsistent with an intent to be bound by the oral agreement on account of which part payment had been made and possession of the store had been taken by the defendant.   *Rosenfield* v. *United States Trust Co.* 290 Mass. 210. *Nigro* v. *Conti*, 319 Mass. 480, 482.   Williston, Contracts (Rev. ed.) § 28A.   See *Bates* v. *Southgate*, 308 Mass. 170.

The question arises, therefore, whether the plaintiff's oral promise to sell the business and its appurtenances, acted upon by him to the extent of accepting part payment of the agreed price and of actually turning over the store and its contents to the defendant, was sufficient consideration for the issuance of the check.

General Laws (Ter. Ed.) c. 107, § 47, provides that "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration . . .."   The evidence would have warranted the jury in finding that the check in question was given as part payment, as earnest money, for the purchase of the business involved, and also that the defendant had taken possession of the place of business of the corporation and merchandise therein.   Upon the evidence the jury could have found that there had been a sufficient transfer of possession to satisfy the statute of frauds.   G. L. (Ter. Ed.) c. 106, § 6 (1).   *Denny* v. *Williams*, 5 Allen, 1, 3–4.   *Townsend* v. *Hargraves*, 118 Mass. 325, 332–333.   *Rodgers* v. *Jones*, 129 Mass. 420, 422.   *Black Beauty Coal Co.* v. *Cohen*, 267 Mass. 98.   *Ryan* v. *Gilbert*,

320 Mass. 682, 684. And it is settled that part payment dispenses with the necessity for a note or memorandum required under c. 106, § 6 (1). *Technical Economist Corp.* v. *Moors,* 255 Mass. 591, 598, and cases cited. See *Ryan* v. *Gilbert,* 320 Mass. 682, 684. Whether the plaintiff accepted the check in part payment was a question of fact for the jury. *Dutton* v. *Bennett,* 256 Mass. 397, 402. *Cochrane* v. *Zahos,* 286 Mass. 173, 176. Upon the warrantable findings the contract in question for the sale of personalty was enforceable under the provisions of G. L. (Ter. Ed.) c. 106, § 6 (1), (3).

The only question remaining concerns the exception of the defendant to the exclusion of certain evidence offered to prove that, as a result of the agreement entered into between the plaintiff and the defendant, the latter went to the store on Monday, April 30, and Tuesday, May 1, and was present all day and the total receipts for these two days were $54, and that "qualifying . . . [the defendant] as an expert . . . he would say in his opinion the store was not capable of doing $1,800 a week, but was nearer to $1,000." This evidence was offered in connection with the testimony of the defendant that in the course of the negotiations for the sale of the business he had asked the plaintiff "Is it true that you take in $1,800 a week?" and that the plaintiff said "This is right." The only evidence of the qualifications of the defendant as an expert on the question of the value of the business was that he had occupied the store involved for but two days, April 30 and May 1. The question of his qualifications to testify as an expert concerning the value of the business was a preliminary question of fact for the judge, and it "is settled that whether a witness offered as an expert is qualified to give an opinion, rests very largely in the discretion of the presiding judge whose decision will not be reversed unless clearly erroneous as matter of law." *Johnson* v. *Lowell,* 240 Mass. 546, 549. *Olsen* v. *New England Fuel & Transportation Co.* 251 Mass. 389, 393. *Guinan* v. *Boston Elevated Railway,* 267 Mass. 526, 527–528, and cases cited.

*Exceptions overruled.*