*Western District*
No. 175686

## CARL MOSES and DONALD MASTRANGELO

v.

## HARRY BARR, MORTON BARR, ARNOLD BARR AND JOSEPH BARR

Argued: May 16, 1967.     Decided: May 29, 1967

*Present:* Garvey, P.J., Moore, Levine, J.J.

Tried to: *Sloan, J.* in the District Court of Springfield. No. 175686.

*Garvey, P. J.* The plaintiffs, in their declaration, allege that "on or about Sunday, September 11, 1960" they entered into an agreement with the defendants whereby they agreed to pay the sum of $1,000.00 towards the construction of a building; that they advanced $500.00; that the defendants breached the agreement and they want the $500.00 returned to them. The defendants pleaded a general denial and *res judicata*. There was a finding for the plaintiffs and the defendants claimed a report.

This agreement and a lease between the parties was the subject of prior litigation in the District Court of Springfield by the defendants against the plaintiffs in which the plaintiffs prevailed. The plaintiffs there pleaded in answer the agreement was illegal because made on the Lord's Day. The only evidence offered in the present action were the special findings of the trial judge in the prior action.[1]

In his special findings the judge in the first action found, in part: "That the promise of the defendants to pay the $1,000.00 toward the erection of the new building, and the actual payment of the $500.00 check (which was later cashed by the plaintiffs) was part and parcel of the total agreement made on Sunday, September 11, 1960".

Excluding statutory exceptions (see G.L. c.

---

[1] See opinion of this court in *Barr et al* v. *Moses et al*, No. 159381, District Court of Springfield. The parties were the same except for Arnold Barr.

136, § 6) contracts made on the Lord's Day are invalid and unenforceable. G.L. c. 136, § 5. *Ryan* v. *Gilbert,* 320 Mass. 682. *O'Brien* v. *Shea,* 208 Mass. 528. "(T)he law will not aid either party to an illegal contract to enforce it against the other". *Mann* v. *United Motor Boston Co.,* 226 Mass. 495, 497. "Moreover, the $1,000.00 was paid on Sunday, and the payment was an illegal act upon which the plaintiff can base no rights for reasons already stated . . . . The plaintiff having paid it illegally and on an illegal contract, could not recover it back . . ." *Ryan* v. *Gilbert,* 320 Mass. 682, 686.

It was error to deny the defendants' request reading,

> "The plaintiffs are foreclosed by the allegations of their declaration inasmuch as the law will not assist a party to a Sunday contract to recover any part of the money paid on such contract".

We need not discuss the issue of *res judicata* also raised by the defendants.

**The finding for the plaintiffs is to be vacated and judgment ordered for the defendants.**

SAMUEL A. MARSELLA

of Springfield for the Plaintiffs

DAVID BURRES

of Springfield for the Defendants