King, J.
Plaintiff, Colonial Pacific Leasing Corporation (“plaintiff’), a corporation duly organized and having its usual place of business in Portland, Oregon, initiated this action against the defendants, In-Touch Global Telecommunications, LLP, TMB Media, Inc., and Quality Geneva Housing Corporation (“defendants’’), seeking damages for defendants’ failure to make payments pursuant to their lease agreement. Plaintiff now moves for summaiyjudgment and defendants cross move for summaiyjudgment pursuant to Mass.R.Civ.P. 56. After hearing and considering the arguments and briefs of counsel, for the reasons stated herein, the plaintiff s motion for summaiyjudgment is ALLOWED and the defendants’ cross motion for summaiyjudgment is DENIED.
BACKGROUND
As noted below, certain facts in this case are disputed, however, none of the disputed facts are material to the resolution of the claims raised by the plaintiff or defendants.
On or about Sunday August 1, 1999 the defendants executed and delivered to National Finance Center, Inc. an equipment lease (“lease") whereby the defendants agreed to make thirty-six monthly payments of $2,802.00, or a total of $100,872.00.[2] The defendants planned to use the leased equipment to create a telecommunications company to provide long distance and other services in the Roxbuiy and Dorchester communities. Pursuant to subsequent assignments, on or about Thursday October 28, 1999 all rights, title and interests in said lease were assigned to the plaintiff. On this same date the defendants signed an acknowledgment form recognizing that the leased equipment had been received. Again on October 28, 1999, upon notice of the receipt, the plaintiff signed the lease.
The defendants made payments totaling $5,604.00 to the plaintiff pursuant to the lease agreement. The defendants have made no further payments despite plaintiffs demands. Litigation commenced on July 5, 2000 with the plaintiff filing a complaint seeking the sum of one hundred thousand eight hundred forty-one and si/ioo ($100,841.51) dollars plus interest, costs and attorneys fees. On May 5,2002 the plaintiff moved for summaiyjudgment, and the defendants responded with an opposition and a cross motion for summary judgment.
DISCUSSION
Summaiyjudgment is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 396 Mass. 550, 553 (1976); Mass.R.Civ.P. 56 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the record entitles the moving party to judgment as a matter of law. Penderson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to those claims for which the moving party does not have the burden of proof at trial, it may demonstrate the absence of a triable issue by either submitting affirmative evidence that negates an essential element of the opponent’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass 706, 716 (1991). The nonmoving party may not rest on its pleadings and mere assertions of disputed facts in attempts to defeat a motion for summary judgment, rather, it must set forth specific facts showing that there is a genuine issue of material fact for trial. Lalonde v. Eissner, 405 Mass. 207, 209 (1989).
I. G.L.c. 136, §5, Conducting Business on Sunday
Pursuant to G.L.c. 136, §5[3] a contract which is entirely executed and delivered on a Sunday is illegal and therefore void for violation of the Lord’s day statute. G.L.c. 136, §5; Ryan v. Gilbert, 320 Mass. 682, 685 (1947); Wasserman v. Roach, 336 Mass. 564 (1958). The defendants allege that the lease was entirely executed and delivered on a Sunday and, therefore, falls within the purview of G.L.c. 136, §5. The defendants rest these allegations on the fact that they signed the lease agreement on Sunday August 1, 1999 and that the only money they paid under the lease was by check issued on that same Sunday.
In applying G.L.c. 136, §5 it appears that, “(t]o sustain the result that an illegal contract was made on a Sunday, it must be concluded that all the material terms . .. had been fully decided and that ‘the writing to be drafted and delivered is a mere memorial of the contract, which is already final by the earlier mutual assent of the parties to those terms.’ ” Wasserman, *462 336 Mass. at 567, quoting Rosenfield v. United States Trust Co., 290 Mass. 210, 216 (1935). The defendants contend that the lease was fully executed on Sunday, August 1, 1999; however, pursuant to the specific terms of the lease agreement entered into by plaintiff and defendants the lease was not to commence or be deemed effective until the date the lessor signed it. The plaintiff did not sign the lease until Thursday, October 28, 1999 after receiving notice of defendants’ receipt of the equipment.
This court disagrees with the position of the defendants. Pursuant to the very terms of the lease agreement the lease was not accepted by the plaintiff until it was signed on Thursday, October 28, 1999. Although the defendants may have unilaterally signed their portion of the lease on a Sunday and made a lease payment on that same Sunday, the acceptance of the lease, by the plaintiff, on Thursday, October 28, 1999 was not a “mere memorial” of an already finalized contract. Accordingly, because the material term of acceptance was not performed on a Sunday the lease will not be deemed void pursuant to G.L.c. 136, §5. See Wasserman, 336 Mass. at 567. The burden of proving illegality of contract is on the party who asserts it and the defendants have not met this burden. Wasserman, 336 Mass. at 568.
The plaintiffs predecessor in interest, as a finance lessor, purchased the equipment for the sole purpose of leasing it to the defendants and made no representations or warranties as to the equipment. See Mayflower Seafoods, Inc. v. Integrity Credit Corp., 25 Mass.App.Ct. 453, 458 (1988). The very terms of the lease disclaim all warranties on behalf of the lessor and specifically state that no defect or damages shall release defendants from their obligation to pay the plaintiff. The lease specifically states that, “lessee’s only remedy, if any, shall be against the supplier or manufacturer of the equipment and not the lessor.” The defendants have not set forth any specific facts showing that there is a genuine issue for trial pertaining to their failure to pay on the lease. See Lalonde, 405 Mass. at 209. The defendants allege that the equipment failed to work properly, however, even under such circumstances summary judgment in favor of the plaintiff is still proper because of the aforementioned lease provisions.
ORDER
For the foregoing reasons the court orders that plaintiffs motion for summary judgment be ALLOWED; and, defendants’ motion for summary judgment be DENIED.
Within thirty (30) days of the date of this order plaintiffs counsel, in compliance with Superior Court Rule 9A, shall file a motion for an assessment of damages and attorneys fees accompanied by a supporting affidavit.

The defendants dispute the characterization of the contract as an equipment lease. The defendants allege that it is an installment sales contract.

“Whoever on Sunday keeps open his shop, warehouse, factory, or other place of business, or sells foodstuffs, goods, wares, merchandise or real estate, or does any manner of labor, business or work, except work of necessity and charity, shall be punished by a fine not less than twenty dollars nor more than one hundred dollars for a first offense, and a fine not less than fifty dollars nor more than two hundred dollars for each subsequent offense, and each unlawful act or sale shall constitute a separate offense.”